SELDEN *vs.* THE DELAWARE AND HUDSON CANAL COMPANY.

The Delaware and Hudson Canal Company have the power, under their charter, to enlarge their canal.

But, though they possess this power, and, upon making compensation therefor, to take private property for that purpose, they are liable to remunerate individuals in damages, for any injuries they may sustain as the consequence of such improvement.

If, by means of the enlargement—a lawful act in itself—the lands of an individual are inundated, even though the work may have been performed with all reasonable care and skill, it is a legal injury, for which the owner is entitled to redress.

The owner of the land injured is not confined to the remedy provided in the 9th section of the company's charter. If he chooses to resort to his common law remedy by action, he may do so.

MOTION for a new trial. The complaint stated that the defendants, in 1823, were incorporated, with power to make, construct and forever maintain, a canal, &c., substantially as stated in the 8th section of the act of incorporation; that under such power, the defendants had proceeded to construct a canal of such width, depth and dimensions, as they had determined to be suitable and proper, and that the same was completed in or before the year 1835; that in 1849 they commenced enlarging their canal by raising the embankments and waste weirs, and deepening and widening the trench, and damming up the water to a greater height, whereby the water so dammed up and elevated, soaked through, filled, flooded and

overflowed large tracts of the plaintiff's land, and greatly injured and almost ruined the same, and also the cellar of his dwelling house, and rendered his other lands unhealthy and sickly, and more difficult of access ; and *also*, that the defendants took, and now occupy, a large strip of the plaintiff's land, and deposited earth and sand upon other parts of his land; for all which injuries the plaintiff claimed to recover damages. The answer of the defendants denied the material allegations of the complaint in respect to any injuries resulting to the plaintiff from the enlargement of the canal ; and it was also denied that the defendants had taken any of the plaintiff's land. The cause was brought to trial in May, 1855, before Mr. Justice WRIGHT, at the Sullivan circuit. Upon the trial the plaintiff gave evidence tending to prove that injury had been done to his lands by the soakage of water and by the overflowing, and that his dwelling house had been injured by the raising of the water, whereby it flowed into his cellar, and that these injuries were occasioned by the acts of the defendants in enlarging their canal, in 1849 and 1850, through the plaintiff's lands. The plaintiff having rested, the defendants moved for a nonsuit, upon the ground that, by their charter, they had a right to make the enlargement through the plaintiff's land, and that the plaintiff was confined, in his remedy for damages, to the provisions of the 9th section of the defendants' charter, and that the plaintiff could not maintain an action at law for such damages. The court held that the defendants were authorized, by and under their act of incorporation, to make the enlargement proved, and that the plaintiff's remedy for any damage occasioned thereby, was that given by the 9th section of their charter, and that no action at law could be maintained for such damages, and, therefore, granted the motion for a nonsuit. An order was made directing the motion for a new trial to be heard, in the first instance, at a general term.

*A. Thompson,* for the plaintiff.

*J. Hardenburgh,* for the defendants.

*By the Court,* HARRIS, J.   I have no doubt of the power of the defendants, under their charter, to construct the enlargement of their canal.   My reasons for this opinion I had occasion to state in *Bruce* v. *the same defendants,* (19 *Barb.* 371.) But I think the plaintiff ought not to have been nonsuited. Though the defendants had the right to enlarge their canal, and upon making compensation therefor, to take private property for that purpose, they would still be liable to remunerate the plaintiff in damages for any injury he might sustain as the consequence of their improvement.   If, by means of the enlargement—a lawful act in itself—the lands of the plaintiff have been inundated, even though the work may have been performed with all reasonable care and skill, it is a legal injury, for which the plaintiff is entitled to redress.   This doctrine, which I regard as elementary in its character, is distinctly and broadly asserted in *Hay* v. *The Cohoes Company,* (2 *Comst.* 159.) In that case the defendants dug a canal upon their own land, as they were expressly authorized to do.   They were not chargeable with negligence or want of skill in the manner of executing the work; yet it was held that they were liable for an injury upon adjoining premises.   (*See also Bradley* v. *The N. Y. and New Haven R. R. Co.* 21 *Conn. Rep.* 294.)

But it is said that though the plaintiff may be entitled to compensation for any injury he may have sustained, he is confined to the remedy provided in the 9th section of the defendants' charter.   It is true that the legislature has, in this section, provided a new and summary mode of proceeding, where a person owning land which has been injured by the necessary operations of the defendants is entitled to remuneration in damages.   Either party may in such a case institute proceedings for the purpose of having the amount of the damages ascertained.   But if the party injured should choose to resort to his common law remedy by action, there is nothing in the act which indicates any intention, on the part of the legislature, to deny him this choice.   Had either party proceeded to have the damages ascertained in the manner provided in the charter, such a proceeding would, undoubtedly, have been a bar to this action.

But as neither has seen fit to resort to the legislative mode of determining the damages, there is nothing in the terms of the act itself which can be construed to deprive the plaintiff of his remedy by action. (*See Crittenden* v. *Wilson,* 5 *Cowen,* 165.) I am of opinion, therefore, that the nonsuit should be set aside and a new trial awarded.

[Albany General Term, December 3, 1855. *Wright, Harris* and *Watson,* Justices.]