There can be no doubt that it was correctly decided by the supreme court, when this cause was before it on another case, that the defendants had the legal right to enlarge their canal as they have done. (24 Barb. 362; see, also, Bruce v. Same,
19 id. 371.) There is no pretense that the canal, as enlarged, is not suitable, in respect to width, depth and dimensions, to the business in which the defendants are engaged. By their charter, this company were authorized "to make, construct and forever maintain a canal, or slack-water navigation, of suitable width, depth and dimensions, to be determined by the corporation." This necessarily includes the power to alter by widening and deepening, whenever in the judgment of the company the dimensions previously adopted should, by reason of the increase of business, become unsuitable. Whatever the defendants have done, in the way of enlargement, has been done upon their own land, or upon lands on which the defendants had acquired the legal right to enter and use for that purpose, and fairly within the scope of the powers conferred by their charter. The canal, though not strictly a public work, is yet of the nature of *Page 642 
one, as much as a railroad, and is to be regarded as a public work in the same sense. The acts, therefore, being authorized by express enactment of the legislature, and performed in good faith, upon a work of a public nature, it remains to be seen whether the defendants are liable for mere consequential damages resulting from such acts, by reason of anything alleged in the complaint, or proved upon the trial.
It was fully settled by this court in a leading case, (Radcliff's Ex'rs v. The Mayor, c., of Brooklyn, 4 Comst. 195,) that the only grounds of liability in such a case were either bad faith or want of due care or skill in the execution of the work. It was held that an act done under the authority of law, if done in a proper manner, will not subject the party doing it to an action for the consequences, whatever they may be, if the law does not provide for compensation of injuries of that character. This doctrine was fully sanctioned and applied in a recent case in this court, which cannot be distinguished in principle from this case, in respect to the grounds of liability. (Bellinger v. The New York Central Railroad, 23 N.Y.R. 42.) Upon this principle, as respects the alleged injuries to the plaintiff's premises, occasioned by the water, no cause of action is stated in the complaint. It is alleged therein that by raising and elevating the embankments of the canal, deepening and widening the trench thereof, and elevating the water therein, for the purpose of increasing the depth and volume of water, the defendants caused the water to soak through, fill, flood or overflow the plaintiff's land, and also to soak and flow through the earth into the cellar of a dwelling house upon said premises, to his damage. There is no allegation of bad faith on the part of the defendants, or their agents, or of any negligence or want of skill in the construction or management of the work whatever. The damages, as appears from the complaint, are mere consequential damages, naturally flowing from the construction *Page 643 
and maintenance of the work, by reason of the nature and character of the structure, and not by reason of any negligence or unskilfulness in the carrying on or in the completion of the work of enlargement, and the evidence upon the trial, in this respect, seems to be all of the same character. Indeed, that was all the evidence which could have been given under the complaint. No cause of action having been alleged or proved upon this branch of the case, it is wholly unnecessary to examine it further to see whether any of the rulings in the course of the trial in reference to it were correct or otherwise.
The charge of the judge on this question was more favorable to the plaintiff than he was entitled to, and the jury have found that his lands had not been injured even from the cause alleged.
In regard to the other branch of the case, no question, that I can perceive, arises for review here, other than the exception taken to the judge's charge to the jury. That exception was confined to a specific portion of the charge, namely: "to so much of the charge as submitted the question to the jury to find whether or not the work of enlarging the canal, through his lands, had been done by the plaintiff's consent or license." There was no other exception taken, and no request to the judge to make any other or different charge. In addition to this, the judge charged that if the jury should find from the evidence, that the work of the enlargement was done by the consent or license of the plaintiff, their verdict should be for the defendant, To this portion of the charge there was no exception. The exception was in general terms, to the previous portion of the charge, and only raises the question whether it was proper in any view, or for any purpose, to submit the question to the jury whether the plaintiff had consented to the work of the enlargement through his land. That it was proper, at least, in view of the plaintiff's claim for damages caused by depositing the earth excavated on his land, *Page 644 
does not admit of a question. If it had been done, in the form and manner in which it was done, at the plaintiff's request, or by his consent and license, it was in no respect a wrongful act, and to that extent, at least, would affect the question of damages. By not excepting to the other portion of the charge, as to what the jury should do in case they found that the plaintiff had consented to the work of the enlargement, the plaintiff's counsel impliedly conceded that if it was proper to submit that question at all, the directions as to what verdict the jury should render, in case they found in the affirmative, were proper.
The appeal to this court is from the judgment of the supreme court upon the case and exceptions, and does not bring up for review the order denying the plaintiff's motion to set aside the verdict, and for a new trial, founded upon affidavits. Those orders have not been appealed from, and form no part of the case and exceptions on which this appeal is founded. My conclusion is that there was no evidence upon the trial prejudicial to the rights of the plaintiff, and that the judgment should be affirmed.
All the judges concurring, except WRIGHT and HOGEBOOM JJ. — who did not vote — judgment affirmed. *Page 645