Selden, J.
The first question to be considered is, whether the orders denying the motions to set aside the verdict are here for review. Clearly they are not. It is not material that they are not mentioned in the notice of appeal. If they were, re viewable here under any circumstances, they would be'so on the appeal from the judgment. They are not, however, intermediate orders involving the merits, and necessarily affecting the judgment, within subdivision two of the eleventh section of the code of procedure, They are not intermediate orders in any cause, but entirely outside of the judgment.
They were not summary. applications after • judgment within the third subdivision of the same section. That pro vision only relates to orders which recognize the original regularity and validity of the judgments, and one based on facts and circumstances occurring subsequently. But if that were not so, these were motions addressed to the discretion of the court below, and for that reason cannot be reviewed here.
Several exceptions were taken on the trial, by the plaintiff’s counsel to evidence offered by the defendants to show that the plaintiff’s land was a swamp, and unfit for cultivation, before the canal was constructed. The bearing of that evidence was very remote upon the issues before the court, but I think the decisions admitting it were correct. Its effect was a question for the jury.
The defendants offered in evidence a certified copy of a bond to the plaintiff to pay the damages to • be assessed, &o., as provided in the twenty-second section of their charter, which had been filed with' the county clerk. This was objected to on the grounds: 1st. That the statute did not provide for filing a bond any where. 2d. That the *638 bond was not delivered to the plaintiff; and 3d. That after the completion of the canal, the defendants could not take more land to enlarge it. The objection was over-ruled and the bond received. If the copy had been objected to on the ground that the statute made no provision that a certified copy might be read in evidence, I think it would have been well taken. I have entertained some doubt whether the bond should not be delivered to the obligee, to give it validity. There must unquestionably be a delivery of some kind, to make it effectual; but as the party has no option to accept it or not, that power being given to the clerk, and as the obligees may be infants, lunatics, or nonresidents, I am of opinion that the county clerk’s office is the proper depository, and that the clerk’s acceptance of the bond must, under the statute, be regarded as the acceptance of the party, though doubtless a delivery to the party would be good. The remaining ground of objection involves the principal question in .the cause, viz: whether the defendants had power, under their charter, to make the enlargement. I have examined the charter carefully, with a view to this question, and am satisfied the company did possess this power, and could, if necessary, appropriate lands for that purpose under the exercise of the power of super-eminent domain, conceded to them in the charter. The bond, therefore, was properly received.
At the close of the trial, the judge instructed the jury that if they were satisfied from the evidence that the work of enlargement was done by the consent or license of the plaintiff, their verdict should be for the defendants. “The plaintiff’s counsel excepted to so much of the charge as submitted the question to the jury, te find whe'ther or not the work of enlarging the canal through his. lands had been done by the plaintiff’s consent or license.”
This exception is sought to be sustained on the grounds: 1st. That the answer sets up a license to deposit earth upon the plaintiff’s land only, and not to enlarge the canal. 2d. *639 That there was no evidence to prove a license to enlarge the canal. 3d. That a paroi license would not justify the enlargement; and if that were otherwise, would not justify the raising of the water and injuring the plaintiff’s land by the leakage of water through the banks.
If the pleadings did not authorize the introduction of proof of license, the objection should have been taken when the proof was offered; and if there was no proof tending to establish a license to enlarge the canal, the counsel should have pointed out that ground of objection to the charge. The exception, as taken, presents only the question whether a paroi license, if properly pleaded and proved, would constitute a defense to the action. If the defense required proof of such a right as would justify, not only the making of the enlargement, but the permanent maintenance of it, against the will of the plaintiff, clearly the charge could not be sustained. A permanent interest in land, even by way of easement, cannot be created by 01 under a paroi license. (Mumford v. Whitney, 15 Wend. 380; Foot v. New Haven & Northampton Co., 23 Conn. 214; Eggleston v. N Y. & H. H. R. Co., 35 Barb. 162; 1 Washb. on Real Prop. 400, §§ 10-11 and note.) It was not, however, necessary that the license should be valid to that extent, to render it available as a defense to this action. A paroi license is effectual to justify every thing which may be done under it prior to its revocation. (Miller v. Auburn & Syracuse R. R. Co., 6 Hill, 61; Stevens v. Stevens, 11 Met. 251; 1 Washb. on Real Prop. 398, § 6.) There was no revocation in this case prior to the commencement of the present action, and the license to enlarge the canal, therefore, if proved, constituted a defense or justification for all which was done under it, although it gave no permanent right to maintain the enlarged work.
It is insisted, on the part of the plaintiff, that a license to enlarge the canal would not justify raising the level of the water and injuring the plaintiff’s land by the conse *640 quent leakage of water through the banks. A license to enlarge the canal would authorize an increase of the depth of' the channel as well as of the width, and such increase of depth might be produced by excavations from the bottom, or by raising the banks, or by both; and the license, so long as it remained in force, would not only relieve the licensee from liability for making the enlargement, but also from liability for any consequences which might naturally flow from such enlargement. (Stevens v. Stevens, 11 Met. 251; 1 Washb. on Real Prop. 398, § 6.) If the injury to the plaintiff’s land was owing to any want of Skill or care in making the enlargement, and was not the natural result of the work, if carefully done, the license would not constitute a defense. A license to do an act cannot be held to screen the licensee from the consequences ' of carelessness or unskillfulness in the performance of the act. This position, however, is not available to the plain tiff, as the attention of the court was not called to it, and no request was made to have that subject presented tó the jury; nor am I aware that there was any evidence tending to show either negligence or unskillfulness. The charge of the judge, therefore, so far as it was excepted to, was correct.
I have thus considered all the objections which have been urged against the judgment, and am satisfied that none of them furnish grounds for its reversal. If it were conceded that the defendants had not, under their charter, the right to appropriate private property for the enlargement of, their canal, there can be no doubt of their right to make the enlargement with the consent of the owners of property taken; and the verdict of the jury and the judge’s charge in this case having established such consent, whether the evidence did or did not justify such verdict, the defense Avould be complete on that ground. No doubt, however, is entertained by me, that the defendants had the right to appropriate, in the manner pointed out by the charter, *641 private property for that purpose, without such consent. It was insisted by the defendants’ counsel that, admitting the lands to have been'appropriated by the defendants without the plaintiff’s consent, the only remedy allowed to the plaintiff to obtain indemnity was that pointed out by the defendant’ charter (Laws of 1823, p. 309), and that the present action, for that reason, could not bfe maintained. The case of Calking v. Baldwin (4 Wend. 667), which does not appear to have been noticed when this case was first before the general term of the supreme court, if the principle upon which it rests is sound, would go far to sustain that position. It does not become necessary, however, yo pass upon that question, as, upon the other grounds which have been mentioned, the judgment must be affirmed.
Johnson, J.
There can be no doubt that it was. correctly decided by the supreme court, when this cause was Oefore it on another case, that the defendants had the legal 'right to enlarge their canal as they have done. (24 Barb. 362; see, also, Bruce v. Same, 19 id. 371.) There is no pretense that the canal, as enlarged, is not suitable, in respect to width, depth and dimensions, to the business in which the defendants are engaged. By their charter, this company were authorized “to make, construct and forever naintain a canal, or slack-water navigation, of suitable width, depth and dimensions, to be determined by the corporation.” This necessarily includes the power to alter by widening and deepening, whenever in the judgment of the company the dimensions previously adopted should, by reason of the increase of business, become unsuitable. Whatever the defendants have doné, in the way of enlargement, has been done upon their own land, or upon lands on which the defendants had acquired the legal right to enter and use for that purpose, and fairly within the scope of the powers conferred by their charter. The canal, though not strictly a public work, is yet of the nature of *642 one, as much as a railroad, and is to be regarded as a public work in the same sense. The acts, therefore, being authorized by express enactment of the legislature, and performed in good faith, upon a work of a public nature,, it remains to be seen whether the defendants are liable for mere conseqtlential damages resulting from» such acts, by reason of anything alleged in the complaint, or proved upon the trial.
It was fully settled by this court in a leading case, (Radcliff’s Ex’rs v. The Mayor, &c., of Brooklyn, 4 Comst. 195,) that the only grounds of liability in such a case were either bad faith or want of due care or skill in the execution of the work. ■ It was held that an act done under the authority of law, if done in a proper manner, will not subject the party doing it to an action for the consequences,, whatever they may be, if the law does not provide for compensation of injuries of that character. This doctrine was fully sanctioned and applied in a recent case in tlW court, which cannot be distinguished in principle from .this case, in respect to the grounds of liability. (Bellinger v. The New York Central Railroad, 23 N. Y. R. 42.) Upon this principle, as respects the alleged injuries to the plaintiff’s premises, occasioned by the water, no cause of action is stated in the complaint. It is alleged therein that b) raising and elevating the embankments of the canal, deepening and widening the trench thereof, and elevating the water therein, for the purpose of increasing the depth and volume of water, the defendants caused the water to soak through, fill, flood or "overflow the plaintiff’s land, and also to soak and flow through the earth into the cellar of a dwelling house upon said'premises, to his damage. There is no allegation of bad faith on the part of the defendants, or their agents, or of any negligence or want of skill in the construction or management of the work whatever. The damages, as appears from the complaint,'are mere consequential damages, naturally flowing from the construction *643 and maintenance of . the work, by reason of the nature and character of the structure, and not by reason of any negligence or, unskilfulness in. the carrying on or in the completion of the work of enlargement, and the evidence upon the trial, in this respect, seems to be all of the same character. Indeed, that was all the evidence which could have been given under the complaint. Ho cause of action having been alleged or proved upon this branch of the case, it is wholly unnecessary to examine it further to see whether any of the rulings in the course of. the trial in reference to it were correct or otherwise.
The charge of the judge on this question was more favorable to the plaintiff than he was entitled to, and the jury 'have found that his lands had not been injured even from the cause alleged.
In regard to the other branch of the case, no question, that I can perceive, arises for review here, other than the exception taken to the judge’s charge to the jury. That exception was confined to a specific portion of the charge, namely: “ to so much of the charge as submitted the question'to„ the jury to find whether or not the work of enlarging the canal, through' his lands, had been done by the plaintiff’s consent or license.” There was no other exception taken, and no request to the judge to make any other or different charge. In addition to this, the judge charged that if the jury should find from the evidence, that the work of the enlargement was done by the consent or license of the plaintiff, their verdict should be for the defendant. •To this portion of the charge there was no exception. The exception was in general terms, to the previous portion of the charge, and only raises the question whether it was proper in any view, or for any purpose, to submit the question to the jury whether the plaintiff had consented to the work of the enlargement through his land. That it was proper, at least, in view of the plaintiff’s claim for damages caused by depositing the earth excavated on his land, *644 does not admit of a question. If it had been done, in the form and manner in which it was done, at the plaintiff’s request, or by his consent and license, it was in no respect a wrongful act, and to that extent, at least, would affect the question of damages. By not excepting to the other portion of the charge, as to what the jury should do in case they found that the plaintiff had consented'to the work of the enlargement, the plaintiff’s counsel impliedly conceded that if it was proper to submit that question at all, the directions as to what verdict the jury should render, in case they found in the affirmative, were proper. .
The appeal to this court is from the judgment of the supreme court upon the case and exceptions, and does not bring up for review the order denying the plaintiff’s motion* to set aside the verdict, and for a new trial, founded upon affidavits. Those orders have not been appealed from, and form no part of the case and exceptions on which this appeal is founded. My conclusion is that there was no evidence upon the trial prejudicial to the rights of the plaintiff, and that the judgment should be affirmed.
All the judges concurring, except Weight and Hogeboom JJ.—who did not vote—judgment affirmed.