DANIEL B. McKEE, RESPONDENT, *v.* THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, APPELLANT.

*Construction by a corporation, under authority of its charter, of a dam upon its own premises — when it is liable for discharging the water upon the lands of an adjoining owner — remedy, other than one specially provided by the statute.*

The plaintiff, who had been the owner of a farm since 1851, widened a small brook which ran through it and deepened the channel thereof, and thereby drained certain of the flat land of the farm, which had been boggy and useless land, and made it valuable meadow land. Thereafter, in 1871, the defendant constructed on its own land a dam on this stream above the plaintiff's land, which held back the water, and in dry seasons the defendant let the water run through the brook to its canal, using the brook as a feeder. By doing this the defendant caused the water, when it was allowed to escape from the dam, to back up upon the plaintiff's flat land and injured it; this result being caused, in part, by a gravel bar below the flat land which held the water back and thus turned it on to the plaintiff's land.

Upon the trial of an action, brought to restrain such action on the part of the defendant, the court charged that there was no evidence of neglect or want of care on the defendant's part, and that the plaintiff's recovery did not depend upon willful malice or negligent acts of the defendant.

Upon an appeal from a judgment granting a perpetual injunction and a judgment for past damages, entered upon the verdict of a jury:

*Held,* that the provision contained in section 10 of the charter of the defendant (chap. 238, Laws of 1823), which gave the right to a summary application for a jury to assess damages, did not take away the plaintiff's common-law right of action or his right to an action in equity.

Upon the trial of the action it was not claimed that there was any defect in the construction of the dam or in its maintenance, and it was shown that the defend-

ant only discharged the water at times and in amounts necessary for the use of its canal.

*Held,* that the plaintiff's damages did not arise incidentally from the construction of the defendant's dam, but arose from the intentional act of the defendant in discharging through an insufficient channel a large body of water without providing a sufficient outlet below plaintiff's land.

A right given by the legislature to dam a stream may excuse a person, who constructs the dam in a proper manner, from liability arising from great freshets or from ordinary percolation of water, but it does not authorize the person to pour the water thus accumulated upon the land of other persons; nor can he do this by pouring it through the original channel of the stream in such large quantities that the channel cannot carry it off.

APPEAL by the defendant from a judgment, entered upon the verdict of a jury, in favor of the plaintiff, rendered at the Sullivan Circuit, in the Sullivan county clerk's office, October 16, 1888.

The plaintiff has been the owner of a farm since 1851. Through this ran a small brook. He widened and deepened the channel, and drained his flat land into it. So that the flat, which had been boggy and useless land, has become valuable meadow land. In 1871 defendant constructed, on its own land, a dam on this stream above plaintiff's land. This dam held back the water; and in dry seasons the defendant let the water run through the brook to its canal, using the brook as a feeder. By doing this the defendant threw the water upon the plaintiff's flat land and injured it. This result appeared to be owing in part to a gravel bar below the flat land which held the water back, and thus turned it on plaintiff's land.

This action was brought in equity to restrain these acts of the defendant, and was tried before the court and a jury. The court charged that there was no evidence of neglect or want of care on defendant's part; that plaintiff's recovery did not depend on willful malice or negligent act of defendant. The jury found a verdict for plaintiff. The court approved the verdict and made several findings of fact and law. The court made no finding on the question of negligence; but found that defendant had not acquired a right to discharge water upon plaintiff's land, and that it had at all times been practicable for defendant to cut down and lower the channel of the stream so as to convey the water in as large quantities as necessary without injuring plaintiff's land. The court granted a perpetual injunction, and a judgment for past damages found by the jury. From this the defendant appealed.

*Thornton A. Niven*, for the appellant.

*Timothy F. Bush*, for the respondent.

LEARNED, P. J.:

We do not think that the provision in the charter (chap. 238, Laws 1823, § 10), which gives the right to a summary application for a jury to assess damages, takes away plaintiff's common law right of action, or his right to an action in equity. (*Selden* v. *Delaware and Hudson Canal Co.*, 24 Barb., 362; *Crittenden* v. *Wilson*, 5 Cow. 165.) The important question here is whether defendant is liable for the injury caused, without proof of some negligence on its part. It is not claimed that there was defect in the construction of the dam, or in its maintenance; and the defendant only discharges the water at times and in amounts necessary for the use of its canal.

The case of *Bellinger* v. *New York Central* (23 N. Y., 42), held that where, in pursuance of legislative authority, a person interferes with a running stream by obstructing its flow, he will not be liable for overflows caused, unless on proof of want of due skill. Probably this case states the doctrine claimed by the defendant. Similar is the case of *Cuddeback* v. *Delaware and Hudson Canal Company* (20 Weekly Dig., 454), where damage was claimed to arise by percolation from defendant's canal.

If this action were for damages, occasioned by a break of the dam, the decision in *Losee* v. *Buchanan* (51 N. Y., 476, 487) would probably apply. But there is a difference in the present case. The plaintiff's damages do not arise incidentally from the construction of defendant's dam; they arise from the intentional act of defendant in discharging through an insufficient channel a large body of water, without providing sufficient outlet below plaintiff's land. The defendant having a supply of water obtained by its dam, desires to send that water down into its canal. It does this without regard to the fact (of which it has been notified) that the channel of the stream will not carry so large an amount, and, therefore, the defendant is really pouring this water upon plaintiff's land, with knowledge that it is so doing. While, of course, the defendant has, we suppose, no wish to injure plaintiff, yet it does acts which it knows will directly injure him, and this it should not be allowed to do. The

right to dam a stream, given by the legislature, may excuse the person, who constructs the dam in a proper manner, from liability arising from great freshets or from ordinary percolation of water. But we think that such right does not authorize the person intentionally to pour the water thus accumulated upon the land of other persons. Nor may he do this by pouring it through the original channel of the stream in such large quantities that the channel cannot convey it.

We are of the opinion that the decision of the learned justice was correct and that the judgment should be affirmed, with costs.

LANDON and INGALLS, JJ., concurred.

Judgment affirmed, with costs.