BOOTH *v.* ROME, W. & O. T. R. Co.

(*Supreme Court, General Term, Fifth Department.* January 22, 1892.)

1. DAMAGES—PROXIMATE CAUSE.
   A railroad company had the right to make an excavation in which to lay its tracks, and also the incidental right to do all necessary blasting therefor. Plaintiff's adjoining premises were injured, not by any particular blast, but by the repeated concussions. *Held,* that the blasting, though done without negligence, was the proximate cause of the injury. *Lasala* v. *Holbrook,* 4 Paige, 170, and *Atwater* v. *Trustees,* 27 N. E. Rep. 385, 124 N. Y. 602, distinguished.

2. CONSTRUCTION OF TRACK—INJURIES TO ABUTTING PROPERTY.
   In such case the corporate character of the railroad does not relieve it from responsibility for direct injuries caused by its work, as there was no obligation on its part to locate and build the road in that particular place, though it had a right to do so.

3. SAME—INDEPENDENT CONTRACTORS.
   Evidence that the work of excavation and blasting had been let to an independent contractor is immaterial where the only testimony relating to the question shows that such contractor was specially employed to do that work, and that the parties knew that blasting would be necessary.

Appeal from circuit court, Monroe county.

Action by Sophia Booth against the Rome, Watertown & Ogdensburgh Terminal Railroad Company for injury to property. From a judgment for plaintiff, entered on the verdict of a jury, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*P. M. French,* for appellant. *David Hays,* for respondent.

MACOMBER, J. As finally submitted to the jury, the issues in this action related to the defendant's liability for damages sustained by the plaintiff by reason of injuries to her property, caused partly by the blasting done by the

defendant upon its own premises in making excavations for the building of its railroad, and partly by the occupation of the front portion of the plaintiff's lot by the defendant in permitting dirt to slide from an embankment erected by it. In the complaint and at the trial an effort was made to recover damages; also for injuries sustained by reason of the change of grade of the street made by the railroad company. But this claim was rejected by the court, and finds no place in the verdict of the jury, which was for the sum of $1,750 for the plaintiff, being $1,500 for damages caused by blasting and $250 for the deposit of earth. The plaintiff's premises, which were so damaged, lie on the west side of North St. Paul street, in the city of Rochester, and adjoin the defendant's railroad on the south. She had owned them since the year 1885. A house thereon was built in the year 1883, and its front is about four feet from the north line of the lot. The defendant's railroad was constructed in the year 1887. It crossed North St. Paul street nearly at right angles. The grade of the street was raised and the street carried over the company's tracks by means of a bridge, to all of which the authorities of the city of Rochester had given assent. We are well satisfied that the amount of the verdict was not too large, provided the plaintiff had a cause of action for injuries to her real estate caused mainly by the blasting. From the necessity of the case, the jury was called upon to exercise its good judgment under the evidence, and determine a sum which would make a just compensation for the trespass of the defendant.

We may safely assume, for the purposes of this appeal, that the defendant not only had the right to make the excavations and put its railroad tracks in the place named, but that it had also the incidental right of making all necessary blasting therefor. It is true that the blasting, the effect of which caused such a large part of the plaintiff's damages, was done without negligence, so far as the evidence discloses the fact to be. From this circumstance it is argued by counsel for the appellant that the defendant is not liable for the injuries thus sustained by the plaintiff. This argument is based mainly upon the conceded fact that no particular blast is shown to have caused the shaking of the foundations of the house and the weakening of its walls, but that the same came by the repeated concussions or detonations received either through the motion of the atmosphere or of the intervening earth. Under the facts disclosed, we do not think the defendant can be justified, under the doctrine of *Lasala* v. *Holbrook*, 4 Paige, 170, which holds that the defendant had the right to excavate its own lands, if done with due care, though the ultimate effect might be to cause an adjoining and recently built house to fall. Nor does the case fall within the principle of *Atwater* v. *Trustees*, 124 N. Y. 602, 27 N. E. Rep. 385, affirming the judgment of this court in *Atwater* v. *Canandaigua*, (Sup.) 9 N. Y. Supp. 557. In that case many of the authorities cited to us upon this appeal were fully considered, and it was concluded therefrom that municipal corporations engaged in the performance of works of a public nature authorized by law are not liable for consequential damages occasioned thereby to others, where private property is not directly encroached upon, unless such damages are caused by misconduct, negligence, or unskillfulness. The rule was there limited, and we still believe it should be limited, to injuries inflicted in the performance of public works, and strictly of a public nature, directly authorized by statute. If, as it seems to us, there is anything more contained in the opinion of Denio, J., in *Bellinger* v. *Railroad Co.*, 23 N. Y. 42, the same does not appear to be germane to the case then before the court, and must be considered as *obiter*. See *Radcliff* v. *Mayor*, 4 N. Y. 195. But the principle exonerating a party from consequential damages when performed under public law for a public purpose, without negligence, does not apply to the facts disclosed in this case. Consequential damages are those which are not the direct and immediate results of the acts complained of. In the case before us, as we view it, the injury caused

by the defendant to the plaintiff's premises was direct, and not consequential. The act of the defendant was a direct trespass, as in the case of *St. Peter* v. *Denison*, 58 N. Y. 416, where the blast blew a chunk of frozen earth for a considerable' distance upon the premises of another, and injured the plaintiff, and a recovery was had without proof of negligence; or where the injury was purely accidental, without negligence, as was the case of *Heeg* v. *Licht*, 80 N. Y. 579, where it was held that one storing gunpowder was liable, without proof of negligence, to a person who was injured by an accidental explosion. See, also, *Bohan* v. *Gas-Light Co.*, 122 N. Y. 18, 25 N. E. Rep. 246, and *Mc-Kee* v. *Canal Co.*, (Sup.) 4 N. Y. Supp. 753. Moreover, the statutory sanction to the defendant, which was organized under the general railroad act (Laws 1850, c. 140) and its amendments, was not an express power or authorization to cross North St. Paul street precisely in this way. Its right existed only under the general railroad law of the state, and of that provision of the constitution of the state which permits the delegation by the legislature of a *quasi* power of eminent domain to railroad corporations. Const. art. 8, §§ 1, 3. But there, was no obligation on the part of the defendant to locate and build its road in this particular place. *Cogswell* v. *Railroad Co.*, 103 N. Y. 10, 8 N. E. Rep. 537. We think that the defendant has no immunities, by reason of its corporate character, relieving it from responsibility for the direct injuries caused by its work, though it and its servants were without actual negligence.

It is further claimed that the defendant was not liable because the work of excavating and blasting had been let to one Casey, who, it is claimed, was an independent contractor, for whose acts the defendant was not liable. We agree fully with the opinion of the learned justice, rendered on the motion for a new trial, that the evidence to show such relation between the company and Casey was not competent, under the pleadings, and fully approve of the doctrine of the authority cited by the learned justice, namely, *Baker* v. *Bailey*, 16 Barb. 541, and for the further reason that the evidence was entirely immaterial, whether competent under the pleadings or not, because the only testimony relating to the question shows that Casey was employed by the defendant specially to do this particular work, and that it was well known to all of the parties that blasting would be necessary, in order to make the proper excavations for laying the defendant's tracks. *McCafferty* v. *Railroad Co.*, 61 N. Y. 178; *Dressell* v. *City of Kingston*, 32 Hun, 533. We think that the disposition of the case made by the learned justice at the trial and on the motion for a new trial was correct, and that the judgment and order entered should be affirmed. All concur.