ALBANY, Oct. 1825.

Crittenden
v.
Wilson.

## CRITTENDEN *against* WILSON.

ON demurrer to the defendant's pleas. The action was case, for overflowing the plaintiff's land, in consequence of the defendant's erecting a mill dam across the Otselic Creek or River, at Willet, in the county of Cortland. To this declaration the defendant interposed two pleas, each being, in substance, that he was authorized to build the dam, by an act of the legislature, passed March 22, 1822, adjoining his land, and that he complied, on his part, with all the requirements and provisions of the act, which he set forth at large in his pleas. By these, it appeared that the second section of the act provided, that it should be the duty of the Court of Common Pleas, of Cortland county, once in every three years, if required by any person who had appraising and paying the damages arising from such a consequence.

An act authorizing one to build a dam on his own land, upon a creek or river which is a public highway, merely protects him from an indictment for a nuisance. If, in doing this, he flow his neighbor's land, he is liable to an action, even though the act provide a summary mode of

If a statute give a remedy in the affirmative, (without a negative expressed or implied,) for a matter which was actionable at the common law, the party may still sue at the common law, as well as upon the statute; for this does not take away the common law remedy.

sustained any damage by his land being flowed by the dam, to appoint three respectable freeholders of Cortland county, who should, once in every year, appraise the damages sustained in consequence of the dam; and that the damages so appraised, should be paid by the defendant &c. within 60 days after the appraisement, who should al so pay the expenses of the appraisement.

Demurrer and joinder.

*J. A. Collier*, in support of the demurrer, contended that the act was unconstitutional and void; and he cited the new constitution, Art. 7, s. 2.

*J. A. Spencer* cited the general canal law of the state; and several acts concerning local canals, dams and roads; also the act concerning highways in general; all which, so far as they relate to the remedy for damages, he said, the principle contained in the demurrer would avoid: Also, *The People* v. *Platt*, (17 John. 195;) *Rogers* v. *Brad shaw*, (20 John. 735, id. 103, S. C.;) and 2 R. L. 286, declaring the creek in question, a public highway. But,

*Collier*, in reply said, the acts and authorities cited, related to public objects. This act was to further a mere private purpose, and was plainly unconstitutional. At any rate, the remedy given by the statute is merely cumulative.

*Curia*, per SUTHERLAND, J. It is contended, that the legislature had no authority to authorize the erection of a dam, in such a manner as to overflow the land of third persons; or, if they had, that they had no right to take from such persons the privilege of having their damages assessed by a jury, and direct them to be assessed by appraisers.

The Otselic River was declared a public highway by the act of April 12th, 1813, (2 R. L. 286.) No individual, therefore, had a right to obstruct it by dams, or other erections, without a grant from the legislature. The right of the legislature to make such a grant, is too clear to be disputed. The grantee, of course, takes it subject to the restriction, *sic utere tuo ut alienum non lædas*. The legislature, in this instance, have not assumed the right of authorizing the defend

ant to erect a dam, which shall cause the lands of his neighbor to be overflowed. The act anticipates that such may be the consequence ; and makes it an express condition of the grant, that the defendant shall pay all damages which may result from it ; and prescribes the mode in which they shall be ascertained. If there had been no express provision in the act for the payment of damages, the defendant would still have been liable to pay them ; and the only effect of this provision is to enforce the duty of making compensation by additional sanctions, as the grant or license may be avoided, if the defendant should fail to pay the damages in the manner prescribed by the act. The effect of the grant is merely to authorize the defendant to erect a dam, as he might have done, if the stream had been his own, without grant. In such a case, he would have been responsible in damages for all the injury occasioned by it to others. The dam could not be indicted as a public nuisance, and abated. The only remedy for those injured would have been by action. (*The People* v. *Platt & others*, 17 John. 195.)

Was it then the intention of the legislature, by making it a condition of the grant, that the defendant should pay the damages which might result to third persons from his dam, to be ascertained in the manner pointed out by the 2d section of the act, to deprive those who might sustain injury, of their remedy by action ? I think it is clear, that such was not the intention of the legislature. Their object was to provide a summary remedy for those who might be injured by the dam, by which they might be renumerated more expeditiously, and with less expense, than by the ordinary course of law. They made it a condition of the grant, that the grantee should, within sixty days, pay the damages which the appraisers should assess. They had a right to impose that condition ; it was assented to the defendant. He, therefore, voluntarily waived his right to a trial by jury. It was the condition upon which the privilege of erecting or continuing his dam was conferred upon him. But there is nothing in the act which, either in terms, or by necessary implication, makes it compulsory *upon those who may be injured*, to have their damages assessed under the act, or

Jackson
v.
Randall.

deprives them of their pre-existing common law remedy by action. The act is not couched in negative terms. The remedy which it provides is cumulative merely ; and not exclusive. "If a statute gives a remedy in the affirmative, (without a negative expressed or implied,) for a matter which was actionable by the common law, the party may sue at the common law as well as upon the statute ; for this does not take away the common law remedy." (2 Inst. 200. Com. Dig. *Action upon statute,* (C.)

It is unnecessary to consider whether the legislature had a constitutional right to deprive persons who might be injured by the defendant's dam, of their remedy by action ; as I am very clearly of the opinion that they have not undertaken to exercise such authority in this case.

The plaintiff is entitled to judgment upon the demurrer, with leave to the defendant to amend.

Judgment for the plaintiff.