## DENSLOW *against* THE NEW-HAVEN AND NORTHAMPTON COMPANY.

Where the water of the *Farmington* river was obstructed in its passage to the plaintiff's factory, and diverted therefrom, so as to produce a substantial injury to him, by the works of *The New-Haven and Northampton Company,* of which no survey or appraisal under the charter had been had, and for which no damages had been assessed, and no compensation made; it was held, that the plaintiff was entitled to redress in an action on the case, although the dams producing such injury were erected, with the approbation of the

commissioners, before the plaintiff had any interest in the property to which the injury was done, and had not since been raised.

By the charter of this company, the commissioners may assess the damages done to individuals; but where no steps are taken to present the case before them, in the proper manner, the parties are left in the same situation as if no such authority was given; and the rights of one party and the liability of the other are the same as at common law.

The duty of the commissioners is, to ascertain the injury sustained by individuals, by the works of the company, and to assess damages for such injury; but they have no authority to assess damages for injuries arising from time to time.

Where the court submitted to the jury the question, whether the plaintiff had sustained a substantial injury from the works of the defendants, it was held, that this necessarily involved the enquiry, whether the injury resulted from the act of the plaintiff, or the condition of his property.

*Hartford,*
June, 1844.

Denslow
*v.*
The New-Haven and North-ampton Company.

THIS was an action on the case for the obstruction and diversion of the water of *Farmington* river, to the injury of the plaintiff.

The cause was tried at *Hartford, January* term, 1844, before *Williams,* Ch. J.

After the plaintiff had introduced evidence to prove the facts alleged in his declaration, the defendants denied the sufficiency of the proof, and claimed, moreover, that the plaintiff had no interest in the premises as to which he claimed the injury was done, before the year 1832; and that *The Farmington Canal Company* was incorporated in 1822, and the defendants, in 1836; which acts of incorporation are to be considered as part of the case. *Priv. Stat.* 300. 308. The defendants further claimed, that the canal was duly constructed pursuant to the acts of incorporation, under the direction of commissioners, appointed in accordance with the provisions of those acts respectively; that the first named company constructed a dam across a branch of *Salmon* brook, a branch of *Farmington* river, and a dam across *Farmington* river, being the obstructions complained of by the plaintiff, in such places and in such manner as was approved by the commissioners, for the only purpose of furnishing necessary supplies of water for navigating the canal, doing thereby no unnecessary damage to the plaintiff or others; and that those dams were made and completed before 1832.

The plaintiff claimed, that in the year 1839, the defendants raised the dam across *Farmington* river higher than before, and obstructed and diverted the water in such manner as

greatly to injure the works of the plaintiff. This the defendants denied, and claimed, that the injury to the plaintiff, if any, arose from his negligence in not keeping his own dam in repair.

It was not claimed, that any survey of the water of the stream was ever made under the direction of the commissioners; or that any damages had been assessed, either to the plaintiff, or to those under whom he claimed; or that the subject of damages in relation to the injury sustained by the plaintiff, or those under whom he claimed, had ever been passed upon by them; or that the plaintiff had ever claimed that any injury resulted to him, until the raising of the dam in 1839.

The plaintiff claimed, that if he had proved the injury, and that it was caused by the acts of the defendants, or of the *New-Haven and Northampton Company,* in whose place they were, he was entitled to recover. The defendants, on the other hand, claimed, that they were justified, by their charters and the doings of the commissioners under them; and that the plaintiff could not recover at law for any injury thus sustained; but if he was entitled to compensation at all, he ought to have resorted, or ought now to resort, to the commissioners to assess the damages.

The court charged the jury, that if the plaintiff had sustained a substantial injury, by the works of the defendants, or of the *Farmington Canal Company,* and no compensation had been made, and no appraisal had, the plaintiff had a right to come into this court for redress; and if they should find the facts as claimed by the plaintiff, they must return a verdict in his favour, although said dams had not been raised since 1832.

The plaintiff obtained a verdict; and the defendants moved for a new trial for a misdirection.

*Hungerford* and *W. W. Ellsworth,* in support of the motion, contended, 1. That the *specific thing* done by the defendants, which caused the injury complained of, *viz.* the diversion of the water, was authorized by the legislature. In the case of *Hooker* v. *The New-Haven and Northampton Company,* the court held, that the land in question had never been *taken,* and could not, therefore, come within the jurisdic-

tion of the commissioners. See 5th sect. of 1st charter. *Priv. Stat.* 302.

*Hartford,* June, 1844.

Denslow *v.* The New-Haven and Northampton Company.

But it may be said, that these waters have not been surveyed. We answer, in the first place, that there can be no survey of the elements. Secondly, nothing more definite or exact can be done. The *directors* are to build the dams; and these dams were built by the directors, under the supervision of the commissioners.

2. That there is another remedy. In the first place, a *mandamus* will lie. Ex parte *Jennings,* 6 *Cowen,* 518. 526. But secondly, the case is within the charter remedy. Here was a taking of the water. No time for assessment is specified, either within or after the ten years. The damages may not have existed, or if so, not capable of proof, until after ten years. The dams may not have been finished until the end of that period. The duties of the commissioners are perpetual. There is no difficulty in their acting, when called upon for that purpose; but on the contrary, there is, or may be, an absolute necessity that they should. The time of completing the canal, is only *directory.*

3. That if there is another remedy, it is *exclusive.* *Hooker* v. *New-Haven* and *Northampton Company,* 15 *Conn. R.* 323. *Calking* v. *Baldwin,* 4 *Wend.* 667.

4. That the court should have instructed the jury, that if the injury to the plaintiff was, in whole or in part, the consequence of his defective dam, he could not recover. *Butterfield* v. *Forrester,* 11 *East,* 60. *Lane* v. *Crombie,* 12 *Pick.* 177. *Williams* v. *Holland,* 6 *Car. & Pa.* 23. (25 *E. C. L.* 261.) *Rathbun* v. *Payne* & al. 19 *Wend.* 399. *Luxford* v. *Large,* 5 *Car. & Pa.* 421. (24 *E. C. L.* 391. 394.) *Vanderplank* v. *Miller,* 1 *Moo. & Mal.* 169. (22 *E. C. L.* 280.) *Sills* v. *Brown,* 9 *Car. & Pa.* 601. (38 *E. C. L.* 245.) *Brownell* v. *Flagler,* 5 *Hill,* 282. 283. n. *Churchill* v. *Rosebeck,* 15 *Conn. R.* 359. In this case, there may have been an abundant supply, and even a surplus, of water, for both parties; and yet, under the charge of the court, the verdict be against the defendants.

*T. C. Perkins,* contra, after remarking, that the jury had found, that the plaintiff had sustained a substantial injury, by the works of the defendants; that no compensation had been

*Hartford,*
*June, 1844.*
——————
Denslow
*v.*
The New-Ha-
ven and North-
ampton Com-
pany.

made ; and that there had been no appraisal by the commissioners ; and that the defendants must, of course, be liable, unless they could show a sufficient justification ; contended, 1. That they were not justified under their charter and the doings of the commissioners.

In the first place, the right should be *expressly* given, and not left to be made out by inference or implication. Laws against common right are to be construed *strictly.* 14 *Conn. R.* 157. 15 *Conn. R.* 320.

Secondly, the defendants are bound to show performance of all that is required of them by the charter ; and they must perform to the *letter* of the law upon which they found their claim. 15 *Conn. R.* 324. *Bald.* 225. *The People* ex relat. *Macey* & al. v. *The Hillsdale & Chatham Turnpike Company*, 2 *Johns. R.* 190. *Farnum* v. *The Blackstone Canal Corporation*, 1 *Sumn.* 46. Particularly, must they show, that a survey has been made ; or at least, some vote or manifestation that they were about to take property, and procure an appraisement. 15 *Conn. R.* 324. 1 *Sumn.* 67. It is also indispensable that they should have had damages duly assessed and finally liquidated. 1 *Sumn.* 59. The damages must also be paid. 18 *Wend.* 9. 15 *Conn. R.* 325, 6. *Bald.* 276.

Thirdly, the charter in no place gives power to take property without compensation ; and if it did, it would be unconstitutional.

Fourthly, the defendants must claim, that if the plaintiff is entitled to compensation, he must resort to the commissioners. But the injury was not of that character which required an application to the commissioners. And if it was, it was the duty of the defendants to call out the commissioners, and obtain an appraisement. They having neglected so to do, for a great number of years, and in the mean time, denied their liability, the plaintiff has a right to treat them as wrongdoers. Further, the property not having been taken under the charter, in the manner therein prescribed, it would not have come within the jurisdiction of the commissioners.

2. That the case discloses no other justification, which will avail the defendants.

*Toucey,* on the same side, was stopped by the court.

WILLIAMS, Ch. J. The plaintiff brought his action on the case against the defendants, alleging that they, or those in whose place they stand, diverted the waters of the stream upon which his factory stands, so as greatly to impair its value.

*Hartford, June, 1844.*

Denslow
*v.*
The New-Haven and Northampton Company.

The defendants deny this, and further claim, that they have done nothing but what they had right to do, under their charter, and the sanction of the commissioners under whose approval they claim to have acted.

It is not however claimed, that the commissioners ever examined any supposed damage to the plaintiff's rights, or to those under whom he claims; or that either party has called upon them for that purpose; or that the subject has ever been in any way before them. And the defendant claims, that the commissioners were the only tribunal to settle the question.

Upon the opening of the case, we thought that it could not be distinguished in principle from the case of *Hooker* v. *The New-Haven and Northampton Company*, 15 *Conn. R.* 312. and notwithstanding the labour and ingenuity which has been displayed, we remain of the same opinion.

In both cases, a substantial injury was done to the property of the plaintiff, by the direct operation of the works of the defendants. In both cases, it was claimed to have been done under the authority of the charter, and with the approbation of the commissioners. It is true, the injury in the one case is to the land, in the other to the water; but this can make no difference in the result.

Interests in water, as well as in land, may be taken under this act; and both are equally the subjects of compensation. In neither case, had the commissioners expressly authorized a damage to the party complaining, or made any appraisal or estimate of such supposed injury. In both cases, therefore, unless the commissioners have authority to assess damages for past injuries, the plaintiff must be without redress, or sustain a common law action.

This court has already decided, that the charter, under which the defendants justify, does not show, that the General Assembly meant to give permission to this company to take away, or essentially impair, the rights of other persons, for which they have made no provision. 14 *Conn. R.* 260.

We also held, that the defendants could not voluntarily in-

*Hartford,*
June, 1844

Denslow
*v.*
The New-Haven and North-ampton Company.

jure or destroy the plaintiff's land to protect their own property, without taking the land, or paying for the same, in the manner provided for making compensation under that act: and that where the company had not paid for land, they ought not to obtain the right to prevent the land-owner from enjoying his own property. 15 *Conn. R.* 317.

These questions go very far to settle the case before us. The defendants think, however, the cases are distinguishable. They say, that the act requiring a survey is not applicable to cases of this kind, but to lands only ; and so they are not required to make a survey. Now, whether these waters were to be surveyed or not, yet if, as we have before decided, the legislature did not mean to take away the property of any one, without compensation, then there must be a mode in which the amount of compensation must be ascertained ; and whether by a survey, or any other mode, is of little importance. If no provision is made, by the act, for compensation, and the plaintiff's property is really affected, then we come to the question whether private property can be taken for such a use, without compensation ; which has not been directly claimed.

But it is said, that the commissioners are the only persons who can settle this question of damages ; in support of which is cited the case of *Calking* v. *Baldwin*, 4 *Wend.* 667.

That the legislature intended, that the company might have these questions settled by commissioners, when property was taken away, we do not doubt. But that they meant to leave a party remediless, when it had not been done, we do not believe.

The case cited from the state of *New-York*, we think, does not apply at all to this case. There, the act was a public act, relative to an improvement upon a public river ; and the court place the decision upon that ground, not denying or overruling the case of *Crittenden* v. *Wilson*, 5 *Cow.* 165. in which they held, that where the act was private, and the object not public, the mode of redress given by statute was not exclusive, but the party might have his action at common law. So far as the authorities in *New-York* are to operate, we think they are in support of the claim of the plaintiff.

It was also claimed, by the defendants, that the forum being pointed out, it was as much the duty of the plaintiff as of the

defendants to present his claim to the commissioners; and if he has not done this, that he ought to be in no better situation than if it had been decided against him.

*Hartford.*
*June, 1844.*

Denslow
*v.*
The New-Haven and Northampton Company.

We think no authority will warrant this; and that the true construction of this act, is, that commissioners may assess the damages; but where no steps are taken to present the case before them, in the proper manner, the parties are left in the same situation as if no such authority was given; and, of course, that the defendants must be responsible as at common law.

Another question has been started, whether there is now any such board of commissioners as can assess damages. It is said, that the old board are defunct; and that in this respect, the new board have not the powers conferred upon the former board, and have not the power of assessing damages, except in a particular case.

We have not thought it necessary to decide that question; because we are satisfied, that neither the old nor the new commissioners have any authority given them to assess damages for injuries arising from time to time; but that the duty of the commissioners, is, to ascertain how far the rights of a person might be affected, in consequence of injury sustained by the works of the defendants, and to assess damages for the injury thus sustained. But there is nothing to show, that their doings were to be retrospective. These damages having already accrued, are not within the class of cases to be settled by commissioners. If so, it follows, that this is the plaintiff's remedy, or that he has none.

Another question is now raised. It is said, the plaintiff claimed the injury to his works arose from the defendants raising their dam; and that the defendants claimed the injury arose from the plaintiff's negligence in not keeping his own dam in repair; and that the defendants were justified under their charter, and claimed that the plaintiff must resort to the commissioners, if he had any claim. Upon that claim, it is said, the court should have charged the jury, that if the injury was occasioned by the plaintiff's own negligence, in not repairing his dam, he could have no right to recover.

No request was made, by the defendants, of the court to do this. No one ever doubted or denied, that if the injury arose from the act of the plaintiff, he could not charge the

*Hartford,*
June, 1844.

Denslow
*v.*
The New-Ha-
ven and North-
ampton Com-
pany.

defendant therefor. If it is meant to claim, that the injury arose in part from the defendants' own act, and in part from the act of the plaintiff, and then the court should have instructed the jury, that the plaintiff could not recover; the answer is, no such claim was made.

The defendants offered evidence to show, that the dam of the plaintiff was poor and leaky, and claimed that the injury arose from that fact, and not from the raising of the defendants' dam ; and this, as a matter of fact, was presented to the jury. When they were told, that if the plaintiff had sustained a substantial injury from the works of the defendants, &c., this necessarily involved the enquiry whether the injury arose from the condition of the plaintiff's dam : if it did, it could not have been a substantial injury from the act of the defendants.

The jury then must have found, that the injury to the plaintiff's mill arose, not from his own act, or his own negligence, but that a substantial injury was done, by the defendants, to the plaintiff, for which they had no legal justification.

There ought not, then, to be a new trial.

In this opinion the other Judges concurred.

New trial not to be granted.