ELLEN M. THACKERAY *vs.* WILLIAM ELDIGAN.

PROVIDENCE—NOVEMBER 24, 1899.

PRESENT : Matteson, C. J., and Tillinghast, J.

(1)  *Waste.   Construction of Statutes.   Cumulative or Exclusive Remedies.*

The statutory remedy for waste, provided by Gen. Laws R. I. cap. 268, is cumulative and not exclusive of the remedy at common law. A plaintiff has his election as to his form of action.

Where a statute gives a remedy in the affirmative for a matter actionable at common law, without any negative expressed or implied, the common-law remedy is not taken away.

(2)  *Injury to Reversion.   Pleading and Practice at Law.*

Case is the proper common-law remedy for injury to the reversion.

TRESPASS ON THE CASE for waste. Heard on exceptions to the ruling of a District Court sustaining a plea in abatement to the writ. Exceptions sustained.

TILLINGHAST, J. This case is before us on exceptions to the rulings of the District Court of the Eleventh Judicial District. The action is trespass on the case for waste. The defendant pleaded in abatement, setting up in substance, as we understand the plea, that the action should have been an action of waste under Gen. Laws R. I. cap. 268, instead of an action of the case for waste. The court sustained the plea and quashed the writ, to which ruling the plaintiff duly excepted. We think the ruling was erroneous.

(2) Case is the proper common-law remedy for injury to the reversion. *Bacon* v. *Bullard*, 20 R. I. 404; 1 Washburn Real. Prop. 5 ed. 159–60; Wait's Actions & Defences, 251–2.

(1) The statutory remedy for waste provided by Gen. Laws R. I. cap. 268, does not take away the remedy at common law. It is to be regarded as cumulative, and not exclusive. 7 Lawson's Rights and Remedies, § 3777, and cases cited in note 5; *Fisher* v. *Railroad Co.*, 12 R. I. 287. See also *Coggeshall* v. *Groves*, 16 R. I. 18. If the statute had created a new right and at the same time given a remedy, such remedy would probably have been exclusive. *Inman* v. *Tripp*, 11 R. I. 520; *Smith* v. *Tripp*, 14 R. I. 112; *Colt* v. *Commercial Co.*, 20 R. I. 323. But as the statutory remedy is merely cumulative, the plaintiff had his election as to which action he would bring. *Stetson* v. *Day*, 51 Me. 434.

Moreover, it is to be observed that our statute of waste gives a remedy in the affirmative, without any negative expressed or implied, for a matter which was actionable at common law, as aforesaid. And in such cases the common-law remedy is not taken away. *Crittenden* v. *Wilson*, 5 Cow. 165.

Exceptions sustained, and case remitted to said District Court for further proceedings.

*Franklin P. Owen*, for plaintiff.

*John N. Butman*, for defendant.