PAULINE L. KARP *v.* URBAN REDEVELOPMENT COMMISSION OF THE CITY OF STAMFORD

HOUSE, C. J., THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued January 4—decided March 22, 1972

*Isadore M. Mackler*, with whom were *Leo Gold*, and, on the brief, *David M. Wallman*, for the appellant (plaintiff).

*Robert M. Wechsler*, with whom was *Steven R. Singer*, for the appellee (defendant).

Loiselle, J.  The plaintiff applied to the Superior Court for review of the defendant's statement of compensation for the taking of property owned by her.  In the application, she alleged that she is aggrieved by the assessment of damages contained in the statement.  The plaintiff filed the application on August 14, 1967.  The defendant filed a motion to erase on the ground that the plaintiff filed the appeal more than six months after the defendant had filed the statement of compensation with the court. The court granted the motion and the plaintiff has appealed.

A motion to erase a case from the docket will be granted only when it clearly appears on the face of the record that the court is without jurisdiction. Practice Book § 94; *Pearson* v. *Bridgeport Hydrau-*

*lic Co.*, 141 Conn. 646, 648, 109 A.2d 260; *Reilly* v. *Antonio Pepe Co.*, 108 Conn. 436, 443, 143 A. 568. The issue in the appeal to this court, therefore, is whether the record shows the Superior Court to have lacked jurisdiction to consider the plaintiff's appeal. That issue will be determined according to the construction given to General Statutes § 8-132, which governs appeals from the defendant's assessment of damages. Section 8-132 requires that an application to the Superior Court for reassessment of damages be made within six months after the statement of compensation has been filed. General Statutes § 8-129, which governs the procedures of the defendant, requires that the statement be filed with the clerk of the Superior Court.

The defendant urges that we take judicial notice of File No. E.D. 55 in the Superior Court, which we do for the reasons given. That file indicates that the defendant filed the statement of compensation with the clerk of the Superior Court on October 31, 1966, more than six months before the plaintiff's application to the Superior Court. "[T]he docketing of the statement of compensation in the clerk's office of the Superior Court did not originate a civil action." *Simmons* v. *State,* 160 Conn. 492, 494 n., 280 A.2d 351. There is no question, however, concerning our power to take judicial notice of files of the Superior Court, whether the file is from the case at bar or otherwise. *State* v. *Lenihan,* 151 Conn. 552, 554, 200 A.2d 476; *Politzer* v. *Jeffrey, Inc.,* 133 Conn. 605, 606, 53 A.2d 201; *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.,* 133 Conn. 536, 540, 52 A.2d 862; *McCleave* v. *John J. Flanagan Co.,* 115 Conn. 36, 39, 160 A. 305; Maltbie, Conn. App. Proc. §§ 312, 313. Although we clearly possess this power, we do not overlook the preferred practice of

allowing to counsel a full opportunity to be heard on the matter. *Guerriero* v. *Galasso,* 144 Conn. 600, 605, 136 A.2d 497; *Nichols* v. *Nichols,* 126 Conn. 614, 622, 13 A.2d 591; see McCormick, Evidence, pp. 701, 708. In the case at bar, the defendant briefed its request that we take judicial notice of the filing of the statement of compensation and printed the statement in its appendix. The plaintiff chose not to file a reply brief. Moreover, the defendant orally argued the issue when this court heard the appeal. In this context, we have no hesitation about deciding to do so. *MacKenzie* v. *Town Planning & Zoning Commission,* 149 Conn. 678, 681, 183 A.2d 619. We note that the defendant filed the statement of compensation on October 31, 1966. The plaintiff appealed on August 14, 1967. More than six months elapsed between the filing of the statement of compensation and the appeal from the assessment of damages.

Files of which we take judicial notice do not, however, become a part of the record of the case at bar. The date, therefore, on which the defendant filed the statement of compensation does not appear on the face of the record in this case. For all that appears in the record, the plaintiff's appeal may have been taken within the period prescribed by § 8-132. The record discloses no reason whatsoever why the court lacked jurisdiction to hear and determine the plaintiff's application. It was, accordingly, error to erase the case from the docket. *Barney* v. *Thompson,* 159 Conn. 416, 420, 270 A.2d 554; *Perrys, Inc.* v. *Waterbury Redevelopment Agency,* 157 Conn. 122, 126, 249 A.2d 256.

Because the issue of jurisdiction will be considered by the court whenever it is raised; *Carten* v. *Carten,* 153 Conn. 603, 610, 219 A.2d 711; § 8-132 warrants further discussion. The defendant argues that the

right to appeal to the Superior Court for review of the statement of compensation did not exist at common law. Consequently, it relies on the general rule that a time limitation on the enforcement of a right, created by statute and not existing at common law, is a part of the right and must be met in order to provide a court with jurisdiction to hear the cause of action. See *Baker* v. *Baningoso,* 134 Conn. 382, 385, 58 A.2d 5; *DeMartino* v. *Siemon,* 90 Conn. 527, 528, 97 A. 765.

The right to just compensation is an ancient one. It reaches back before the Magna Carta and forms a part of the common law. The first Mr. Justice Harlan wrote for the court in *Chicago, B. & Q.R. Co.* v. *Chicago,* 166 U.S. 226, 236, 17 S. Ct. 581, 41 L. Ed. 979: "The requirement that the property shall not be taken for public use without just compensation is but 'an affirmance of a great doctrine established by the common law for the protection of private property. It is founded in natural equity, and is laid down by jurists as a principle of universal law. . . .' 2 Story Const. § 1790; 1 Bl. Com. 138, 139; Cooley's Const. Lim. *559 . . . *Bradshaw* v. *Rodgers,* 20 Johns. 103, 106 [N.Y.] . . . *Parham* v. *The Justice &c.,* 9 Georgia, 341, 348." Courts clearly have the power to provide a remedy for a taking without compensation. *United States* v. *Lee,* 106 U.S. 196, 220, 1 S. Ct. 240, 27 L. Ed. 171; *Hooker* v. *New-Haven & Northampton Co.,* 14 Conn. 146, 160, 162. Where statutes provide an efficacious procedure for assuring just compensation, that procedure will be followed. *Thomson* v. *New Haven,* 100 Conn. 604, 124 A. 247; 6 Nichols, Eminent Domain (3d Ed.), p. 594 § 28.11. Where, however, the procedure is inadequate to assure just compensation, the statute is inoperative and a property owner has

recourse to common-law remedies. See *State* v. *McCook,* 109 Conn. 621, 633, 147 A. 126; *Denslow* v. *New-Haven & Northampton Co.,* 16 Conn. 98.

The provisions of § 8-132 provide an efficient procedure for vindicating the common-law right to just compensation for a taking of property by eminent domain. This statute alters the process by which a property owner must seek just compensation, but does not create a right to just compensation that would not otherwise be available.

Section 8-132 is not in the nature of a conditional statute in which the limitation is actually a part of a newly created right, and thus determinative of jurisdiction. The limitation is on the remedy alone. Compliance with the time requirement for taking an appeal is not a prerequisite to the existence of the right of action; it is only a limitation analogous to the usual statute of limitation. "This limitation is to be regarded as creating a condition subsequent, by which an existing right is cut off by the nonperformance of the condition, rather than a condition precedent to a continuing right." *Bulkley* v. *Norwich & W. Ry. Co.,* 81 Conn. 284, 287, 70 A. 1021.

The plaintiff argues that the time limitation in § 8-132 is directory because of the use of the word "may" in the section. The procedure under § 8-132 is mandatory. The word "may" when used in a statute is to be interpreted as mandatory rather than directory if the context of the statute permits it and it is necessary to do so in order to make the statute effective to carry out the legislative intent. *State ex rel. Markley* v. *Bartlett,* 130 Conn. 88, 93, 32 A.2d 58; *Lake Garda Co.* v. *LeWitt,* 126 Conn. 588, 590, 13 A.2d 510; *Capobinco* v. *Samorak,* 102 Conn. 310, 313, 128 A. 648. The language of the statute is clear and explicit, containing no exception and suggesting

no qualifications. Nowhere in General Statutes chapter 130 is there any intendment that affects the time fixed. It is clear, when examining chapter 130, that the purpose expressed in General Statutes § 8-124, i.e., the removal of blighted areas, with all the evils that spring from them, would best serve the public interest and that, in order that such could be accomplished, procedures were established to that end. Compensation for any taking of private property was provided for and in addition, General Statutes § 8-132, with which we are concerned, allowed for an appeal to the Superior Court in the event an owner of property was dissatisfied with the statement of compensation. The reason for the short time allowed for appeal is apparent. It is so that the municipality could within a reasonably short period of time determine its financial responsibilities not only in the cost to it but also in its determination of financial negotiations with redevelopers or appropriate public agencies. 1 Nichols, Eminent Domain (3d Ed.) § 4.102 [4], p. 473. Taking into consideration the intendment in chapter 130, no other conclusion can be reached but that the six-months provision for appeal is to be construed so that, if the appeal is not taken within six months, the right of appeal is no longer operative. Further, the choice of the word "may" was necessary even though the intent was that the appeal must be taken within six months. Otherwise, if the word "shall" was used, the statute would be open to interpretation that a statement of compensation could not be a final determination of what the payment should be and that appeals must be taken in all cases. *Lake Garda Co.* v. *LeWitt,* supra, 591.

A defense predicated on a condition subsequent, and limitations generally, need not be anticipated

and negatived by the plaintiff. They may properly be left to be pleaded by the defendant. Practice Book § 120; *Lakewood Metal Products, Inc.* v. *Capital Machine & Switch Co.*, 154 Conn. 708, 710, 226 A.2d 392; *Lubas* v. *McCusker*, 153 Conn. 250, 256, 216 A.2d 289; *Rosenblatt* v. *Berman*, 143 Conn. 31, 40, 119 A.2d 118.

The plaintiff further claims that the trial court should not have granted the motion to erase because relevant facts outside the record should have been considered. This claim is only an attempt to have this court try the case on the merits; the claim has no place in determining the validity of granting a motion to erase. The motion to erase could not take the place of a timely plea in abatement alleging the facts on which the claim of lack of jurisdiction was predicated.

There is error, the judgment is set aside and the case is remanded with direction to deny the motion to erase the case from the docket.

In this opinion the other judges concurred.