LAUREL, INC. *v.* COMMISSIONER OF TRANSPORTATION

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, JS.

Argued May 3—decision released June 28, 1977

*Robert Y. Pelgrift,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellant (defendant).

*Daniel Shepro,* with whom was *Philip Baroff,* for the appellee (plaintiff).

PER CURIAM. On January 23, 1974, the commissioner of transportation filed an assessment of damages and benefits from the taking of a portion of the plaintiff's property for improvement of the Merritt Parkway. The plaintiff brought suit alleging that the entire parcel had been effectively taken because the portion condemned included the only access to a road permitted from the parcel. On May 17, 1974, the Superior Court enjoined the defendant commissioner from taking a portion of the parcel and decreed the condemnation proceedings void ab initio. At a subsequent hearing the court opened its judgment and ordered the commissioner to condemn the entire parcel. On appeal the judgment was reversed on the ground that there was no "taking" of the remainder, in the constitutional sense, because the portion taken by the state, although it greatly diminished the value of the remainder, had not destroyed all value in the remainder. Legal access to the parcel could still be obtained if the parcel were to be used for certain residential purposes other than that begun by the plaintiff, i.e., the construction of condominiums. *Laurel, Inc.* v. *State,* 169 Conn. 195, 362 A.2d 1383. The court stated: "The plaintiff is not without remedy. It is entitled to a determination of its damages in an appeal from the assessment under General Statutes § 13a-76. The Superior Court in Fairfield County is ordered to reinstate the condemnation proceedings as initiated by the defendants and known as *State Highway Commissioner* v. *Laurel, Inc., et al.,* file No. 6108, and the parties upon remand may proceed under General Statutes § 13a-76, with all rights attendant thereto, as of the date of judgment by the Superior Court." Id., 207.

On August 29, 1975, the Superior Court reinstated the condemnation proceedings. On September 30, 1975, the plaintiff appealed from the assessment of damages. The defendant filed a plea in abatement, alleging that the court lacked jurisdiction because the plaintiff had not brought its appeal within six months of the assessment, the period prescribed by § 13a-76 of the General Statutes. This plea was overruled. From the judgment of the court referring the matter to a state trial referee the defendant appealed to this court, assigning error in overruling the plea in abatement and error in ordering the reference, claiming that the court was without jurisdiction.

The court did not err in overruling the plea in abatement. The plaintiff's appeal is timely because the prior judgment of this court in *Laurel, Inc.* v. *State,* supra, ordered reinstatement of the condemnation proceedings and specified that "the parties upon remand may proceed under General Statutes § 13a-76, with all rights attendant thereto, as of the date of judgment by the Superior Court." Those rights included the plaintiff's right to appeal from the assessment within six months of the date of the Superior Court judgment. Although it may be argued that the wording of the remand was ambiguous, the intent was clear, because the opinion clearly stated that the plaintiff was entitled to a determination of its damages in an appeal. This court's former opinion is the law of the case, obligatory on both the parties and the trial court. *Gray* v. *Mossman,* 91 Conn. 430, 434, 99 A. 1062.

The defendant claims that the Superior Court judgment enlarges the six-month limitation period, in violation of article first, § 1, of the Connecticut

constitution. This provision, held to have a meaning like that of the equal protection clause of the federal constitution,[1] *Lyman* v. *Adorno,* 133 Conn. 511, 515, 52 A.2d 702, declares that "no man or set of men are entitled to exclusive public emoluments or privileges from the community." No case has yet held, however, that the granting of equitable relief to a specific party before a court constitutes an infringement of this provision. The case on which the defendant relies pertains to a special act of the legislature granting an individual privileges denied to the general public. *Hillier* v. *East Hartford,* 167 Conn. 100, 110, 355 A.2d 1.

There is no error.

---

[1] Article first, § 20, of the Connecticut constitution is the provision more often compared to the federal equal protection clause. *Horton* v. *Meskill,* 172 Conn. 615, 639, 376 A.2d 359; *State* v. *Rao,* 171 Conn. 600, 601, 370 A.2d 1310.