[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT FILED APRIL 24, 1990 (115)
On June 18, 1990 the court (Fracasse, J.) referred this condemnation matter to the undersigned for hearing and judgment. The hearing was commenced on July 17, 1990, the first date that the parties, attorneys and witnesses were all available. It was stipulated and agreed that this referee would hear this motion and the matter on the merits and upon both parties resting decide this motion, and if the motion for summary judgment is denied render a decision on the merits. On July 17, 1990 both attorneys stipulated in writing that the undersigned could proceed to trial and judgment. This agreement was entered on the record because a prior reference to another referee was involved and no claim of prejudice is advanced by either party as of this date.
The parties received a fresh start on July 17, 1990.
On June 21, 1989 defendant filed its request for permission to file an amended answer by adding a second special defense (106). On July 5, 1989 plaintiff filed objection to request for permission to file amendment to answer (107). On July 17, 1989 an order entered on the objection merely stating "Denied." However, on July 17, 1990 the attorney for the defendant on the record in open court withdrew his second special defense. That withdrawal clears up the ambiguity regarding the denial of the motion for permission to amend or the denial of the objection, which was not clear.
The motion for summary judgment addresses the only remaining Special Defense filed on May 10, 1989 (105) stating:
 "The plaintiff-appellant's appeal is barred by the statute of limitations because the appeal was not filed within six months from the filing of the statement of compensation as required under C.G.S. Sec. 8-132." (quoted from 105 and CT Page 2171 115).
On August 7, 1989 plaintiff filed (111) its reply to the. above quoted Special Defense stating:
 "Plaintiff Denies Defendants' Special Defense because (1) it lacks merit and (2) the issue raised . . . has already been decided adversely to defendant in this action and therefore is law of the case."
Defendant attached to its motion for summary judgment (115) five schedules dated as follows:
 A. 5/1/87 — Order for immediate temporary injunction and order to show case (22-86-18 JD at Meriden). B. 2/25/88 — Memorandum of Decision on A. Denial of Injunction.
 C. 3/25/88 — Order dissolving injunction.
 D. 3/14/88 — Notice reserving appeal rights on B (Denial of Injunction).
 E. Copy of PA 808, 1967 and text of C. G. S. 48-12
before 1967.
Defendant simultaneously filed a 22 page brief with this motion (115).
On June 22, 1990 plaintiff filed its Memorandum of Law in opposition to this (115) motion and an affidavit accompanied by a copy of a letter from plaintiff dated April 3, 1987 indicating that plaintiff "will oppose such proceeding (condemnation by defendant for Thurston's benefit) with every available legal means."
Plaintiff's memorandum in opposition is supported by five documents that address "Defendant's Motion to Strike" (101) that was decided on February 21, 1989 by a Judge of the Superior Court who stated:
 "Court finds that the temporary injunction tolled the statute and the appeal was filed CT Page 2172 within the appropriate time limitation."
The parties advance numerous "time" calculations based on C.G.S. 8-132 and facts that appear of record. The main thrust of plaintiff's opposition to the motion to strike addresses "equitable tolling of the statute of limitation."
It is plaintiff's position, claim or theory that the statute of limitation under C. G. S. 8-132 was tolled legally and equitably from the day the Superior Court Judge signed the "Order For Immediate. Temporary Injunction and Order to Show Cause." On May 1, 1987 until September 6, 1988 the date on its "Appeal and Application For Review of Statement of Compensation." The statement of compensation was filed with the Clerk of this court on April 10, 1987.
It is defendant's position, claim or theory that the six month statute of limitation under C.G.S. 8-132 calculated as hereinafter (copied from defendant's brief) mandates that this court enter an order granting this motion for summary judgment.
"The plaintiff has miscalculated the six month period. The plaintiff concedes that it must debit itself the twenty-one days from the filing of the statement of compensation on April 10, 1987 until the immediate temporary injunction was issued on May 1st. (Plaintiff's memorandum of law, Page 6) Conceding for the sake of argument that the six month period did not begin running until March 25, 1988 when Judge Stanley granted the motion to dissolve the injunction, the plaintiff then claims that the six month period expired on September 10, 1988. But the plaintiff should debit itself six days in March of 1988, five months from April through August in 1988 and at least five days in September before it filed its appeal on September 6th. Adding these months and portions of months together, we get:
 21 days (April 10, 1987 to May 12, 1987) 6 days (March 25, 1988 through March 31, 1988) 5 months (April 1, 1988 through August 31, 1988) 5 days (September 1 through September 5, 1988)
TOTAL — 5 months and 32 days"
Plaintiff asserts that the six month period as calculated by defendant ended on Sunday, September 4, 1988. The next day was Labor Day, a state holiday, the Clerk's office was closed and filing the appeal the next business day on September 6 was timely.
Assuming the accuracy of these calculations and the history of this condemnation, plaintiff's claim that the statute of limitation was tolled legally and equitably is supported in fact CT Page 2173 and under the doctrine of "equitable relief." Laurel, Inc. v. Commissioner of Transportation, 173 Conn. 220, 222 (1977). The plaintiff is entitled to a determination of its damages, if any.
As noted above, plaintiff relies in its reply to the statute of limitation special defense that the aforesaid decision is "the law of the case." Plaintiff claims that that decision controls and that this motion for summary judgment must be denied.
It seems appropriate to note that Practice Bk. 430 authorizes a trial referee to "exercise the powers of the superior court in respect to trial, judgment and appeal" in cases referred.
This motion for summary judgment prays for an order from this trial referee that the defendant is entitled to judgment as a matter of law on the claim that there is no genuine issue as to any material fact.
The facts alleged by both parties in their supporting documents are virtually identical. The court's function is not to; decide issues of material fact but instead simply to determine whether such issues exist.
Plaintiff advances two main reasons or arguments to support its opposition to the request for summary judgment. First-"the law of the case." Second-Summary judgment is not appropriate in condemnation matters. Part I and II below.
 I.
"The law of the case"
On February 21, 1989 "the law of the case" was recorded as stated above. The defendant had two options available at that time. One — move for articulation, correction, clarification, interpretation or to make more precise that court's intention or reasons for its decision.
 "Motions for interpretation or clarification although not specifically described in the rules of practice, are commonly considered by trial courts and are procedurally proper." Holcombe v. Holcombe, 22 Conn. App. 363, 366 (1990)."
 "Where the basis of the court's decision is unclear, proper utilization of the motion for articulation serves to dispel any ambiguity by clarifying the factual and legal basis upon which the court rendered its decision." Barnes v. Barnes, 190 Conn. 491, 494 (1983). CT Page 2174
Defendant did not so move. Under these circumstances it may be inferred that defendant accepted the ruling as the law of the case at that time. Defendant had primary control over the course of the proceedings at that times Both parties had options available at that time and the obligation in equity to act reasonably and in good faith.
Two — to have the above ruling reviewed upon appeal from the final decision on the merits of the case. Breen v. Phelps,186 Conn. 86, 90 (1982).
Defendant did not select option one. The first issue for decision on this motion is whether the above quoted decision is "the law of the case." This trial referee is of the opinion that the denial of the motion to strike was correct and that the documents and record advanced by defendant in support of this motion for summary judgment failed to present "some new or overriding circumstances," Breen, p. 99, that were not presented on the motion to strike.
The important question is whether the decision above quoted is right. This court is not convinced that the view of the law previously applied by my predecessor was clearly erroneous and works a manifest injustice on the defendant. (Breen p. 100)
 "A judge is not bound to follow the decision of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision." (Breen p. 98)
The defendant filed a Memorandum of Law in support of its motion to Strike (101 and 102). Plaintiff filed a (twenty three pages plus exhibits Memorandum of Law in Opposition to Motion to Strike (103). Defendant next filed a Supplemental Memorandum of Law in Support of Motion to Strike plus exhibits and schedules. All of said documents, claims and theories were presented to the judge who ruled on the motion to strike.
While this court is unable to expand on the grounds or reasons used for a predicate of the above quoted ruling on the motion to strike on February 21, 1989 it granted the parties a "fresh start" on July 17, 1990.
This court concludes the plaintiff is entitled to a determination of its damages in this appeal, notwithstanding defendant's claim that under C.G.S. 8-132 the six month statute of limitation had expired, as a result of the equitable tolling of CT Page 2175 the statute while the taking was enjoined and the above quoted decision was an appropriate exercise of that court's equitable authority and adequately states the law of the case.
These conclusions granting plaintiff "equitable relief" under the facts of this case are not a grant of individual privilege denied to the general public. Laurel, Inc. v. Commissioner of Transportation, 173 Conn. 220, 223 (1977).
Defendant's attorney was aware from plaintiff's attorney's letter of April 3, 1987 of plaintiff's intent to "oppose such proceeding with every available legal means."
The ruling on the motion to strike clearly expresses that court's intent that the plaintiff was entitled to a determination of its damages in this appeal. This ruling is the law of the case, obligatory on both the parties and the trial court. Laurel above at 222. This court agrees that plaintiff is entitled to a full hearing on the merits and a determination of its damages, if any. Equity warrants that the limitation period be tolled because of the injunction and particulars facts of this case. There is no manifest injustice resulting to the defendant.
The order of the Superior court Judge denying the motion to strike and finding "that the temporary injunction tolled the, statute and (that) the appeal was filed within the appropriate time limitation" provides the basis for the plaintiff to proceed with this appeal from the assessment on record.
This conclusion grants plaintiff equitable relief from the defendant's special defense based on the precedent set by our Supreme Court in Laurel above at pp. 222-223.
 II.
The plaintiff's claim that Summary Judgment is not appropriate in condemnation cases ignores the general purposes stated in Practice Bk. 379 reading in part "In any action, except . . . any party may move for a summary judgment.". . . This claim fails.
Plaintiff also recited in its denial and reply to Defendant's Special Defense that
"(1) it lacks merit."
This denial states a conclusion of plaintiff that requires no further comment by this court because the above ruling controls the motion for summary judgment and its denial. The defendant is not entitled to summary judgment as a matter of law. CT Page 2176
The motion for summary judgment is denied (1) as the decision on the motion to strike is the law of the case, (2) on this court's conclusion that said decision was correctly decided and no new or overriding circumstances were advanced on this motion not of record on the motion to strike, and (3) the doctrine of equitable relief, when applied to the history of this case clearly entitles the plaintiff to a determination of its damages, if any, resulting from this partial taking of some of its land via condemnation by defendant and the continuous representation of plaintiff to oppose such proceedings with every available legal means.
John N. Reynolds, State Trial Referee