[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The plaintiff alleges that he was injured on January 27, 1986 when he fell from a ladder on defendants Therese Amato's property while carrying shingles to the roof of the house. At that time, the plaintiff alleges he was in the course of his employment by the third party defendant, Thomas Quackenbush, d.b.a. T.J. Roofing Company. The plaintiff alleges that the defendant Anthony Amato supplied tools and exercised joint control with Quackenbush over the scope, methods and direction of his work and, in so doing, failed in a number of days to exercise reasonable care and control, thereby causing plaintiff's injuries. The plaintiff alleges that Anthony Amato's negligence is imputed to Therese Amato as her agent.
Defendants' motion for summary judgment is based primarily on the fact that a court, after an evidentiary hearing, granted a motion that prejudgment remedy attachment of the defendants' CT Page 2398 property be dissolved.
The defendants, in support of their motion, have filed a transcript of the hearing on the motion to dissolve the attachment. The defendants claim that the prejudgment remedy court found no evidence that the defendant, Therese Amato, bore any relationship to the scenario that was described by the parties at the hearing. They also claim the prejudgment remedy court found that the plaintiff had presented no evidence giving rise to a duty of the defendant Anthony Amato's part that was breached with respect to the plaintiff. An examination of the transcript supports the defendant's contention that the prejudgment remedy court enunciated those findings.
The defendants contend that these findings are the law of the case and are therefore binding on the parties and the trial court. Since the prejudgment court found that the plaintiff did not prove the defendants owed him a duty, he cannot prevail on his negligence claim.
The defendants cite Laurel, Inc. v. Commissioner of Transportation, 173 Conn. 220, 223, 377 A.2d 296 (1977) for their proposition that where a trial court renders an opinion on a motion before it, that opinion is the law of the case, obligatory on both the parties and the trial court. On the contrary, in the Laurel, Inc. case the Supreme Court stated that when it remands a case, its opinion in the remand is the law of the case, obligatory on both the parties and the trial court.
In ruling on a motion to dissolve an attachment, the prejudgment court must evaluate the arguments and evidence produced by both parties and may determine that the information before it shows a lack of probable cause for the validity of the plaintiff's claim. "That evaluation, however, falls far short of an authoritative determination of the merits of those arguments and that evidence, and does not require the trial court . . . to make a full and final decision . . . on factually and legally complex issues . . . . In ruling on the defendant's motion to dissolve, the court was doing no more than `determin[ing] probable success by weighing probabilities.' Three S. Development Co. v. Santore, 193 Conn. 174, 176, 474 A.2d 795
(1984). This process `does not demand that a belief be correct or more likely true than false.' Id., 175. Such a proceeding `is not contemplated to be a full scale trial on the merits'; Id.; it does not lead to a `final decision' in any sense; Augeri v. C.F. Wooding Co., supra [173 Conn. 426, 429, 378 A.2d 538
(1977)]; . . . . Babiarz v. Hartford Special, Inc., 2 Conn. App. 388,393, 480 A.2d 561 (1984).
To give greater value to the decision of the prejudgment CT Page 2399 court in a motion for summary judgment "would lead us into the trap of determining the ultimate correctness of legal conclusions which the [prejudgment remedy] trial court had decided are only probably correct, and doing so on the basis of facts which the trial court had decided are only probably true, but which it has not found to be proven by a preponderance of the evidence." Id., at 394.
The plaintiff has filed an affidavit that is conclusionary for the most part and, therefore, inadequate to its purpose. Farrell v. Farrell, 182 Conn. 34, 39, 438 A.2d 415 (1980). The court instead has examined the entire transcript submitted by the defendants and finds there is adequate conflict between the testimony of the plaintiff and that of the defendants' witnesses to raise an issue of fact concerning the degree of control, supervision, and direction, if any, that the defendant, Anthony Amato, exerted over the plaintiff's activities and the inferences to be drawn therefrom. Summary judgment is not appropriate in these circumstances. United Oil Co v. Urban Redevelopment Commission, 158 Conn. 364, 380, 260 A.2d 596
(1969).
The motion for Summary Judgment is denied.
NIGRO, J.