[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
On January 24, 1990, the defendant Commissioner of Transportation for the State of Connecticut acquired a portion of the plaintiff's land by condemnation pursuant to Connecticut General Statutes section 13a-73 (b) and (f) and assessed the plaintiff's damages at $44,750.00. This assessment is for a parcel of land containing approximately 1.79 CT Page 445 acres which comprises a portion of the property owned by Pyramid Realty Trust. The state acquired the property pursuant to its power of eminent domain in conjunction with the construction of the new Baldwin Bridge and reconstruction of Interstate Route 95.
Plaintiff Joseph D. Celano, acting pro se as trustee for the Pyramid Realty Trust, is appealing to the Superior Court seeking a reassessment of damages and a judicial review of the defendant's relocation assistance award. In the "Appeal of Assessment of Damages," the plaintiff alleges that the defendant, through his agent, Robert W. Ike ("Ike"), acted in concert with the Planning Board of Old Lyme, Connecticut, "to deny the Plaintiff his constitutional rights and due process of law relative to a denial of a resubdivision." (Paragraph 3). The plaintiff claims that Ike stated at a public hearing that the resubdivision should be denied so as to prevent an increase in value of the land and a resulting increase in costs to the state. Ike, according to the plaintiff, was acting contrary to his superior who had advised the plaintiff to utilize the property to the fullest extent.
The plaintiff contends that the Old Lyme Planning Board denied plaintiff's application for a resubdivision thereby depriving him of three residential lots each worth between $75,000.00 — $100,000.00. According to the plaintiff, the defendant violated Title III of the Uniform Relocation Assistance and Real Property Acquisitions Policies Act of 1970 in the following manner: (1) under section 301 ("Negotiations"), the defendant did not act in good faith as he failed to provide a written statement with an explanation of the basis for determining the compensation, failed to provide a proper statement depicting separate damages to the remaining property, asserted through an agent on one occasion that the property would be valued above raw land and on another as raw land, and attempted to coerce plaintiff to accept a reduced value for his property; (2) under section 303 ("Reimbursement of Incidental Expenses"), defendant denied the pro rata portion of real property taxes and interest due on the condemnation deposit; and (3) under section 304 ("Reimbursement of Incidental Expenses"), defendant did not offer just compensation and wilfully obstructed the plaintiff from pursuing the full use of the property.
Pursuant to Connecticut Practice Book section 142 et seq., the defendant is moving to dismiss plaintiff's appeal on the following grounds: (1) Connecticut General Statutes section 13a-76 limits the state trial referee's subject matter jurisdiction to the reassessment of damages and thus the court lacks jurisdiction to hear the relocation claim; (2) the CT Page 446 Federal Relocation Assistance Act does not create a private right of action; and (3) the court lacks personal jurisdiction as service was made on the defendant after the expiration of the order of notice. The defendant has submitted a memorandum of law in support of its motion to dismiss as well as an affidavit by James E. Lewis, Director of the Office of Rights of Way of the Connecticut Department of Transportation. The plaintiff has filed an objection to the motion to dismiss.
The motion to dismiss is the proper procedural means by which a defendant may contest the court's jurisdiction. Barde v. Board of Trustees, 207 Conn. 59, 61 (1988); Connecticut Practice Book section 142 (rev'd to 1978, as updated to July 1, 1990). Ordinarily, the defendant challenges the court's jurisdiction by filing the motion, but the court can dismiss the proceeding on its own motion whenever a lack of jurisdiction to entertain a particular proceeding comes to the court's notice. Park City Hospital v. Commission on Hospital Health Care, 210 Conn. 697, 702 (1989). Once the question of lack of jurisdiction of a court is raised, the issue must be disposed of no matter in what form it is presented and the court must fully resolve it before proceeding further with the case. Castro v. Viera, 207 Conn. 420,429 (1988).
The plaintiff, appearing pro se, has not cited any statutory authority relative to the reassessment of damages. However, the language of the appeal together with the label "Appeal of Assessment of Damages" brings the claim within the purview of Connecticut General Statutes section 13a-73 et seq. See Rowe v. Godou, 209 Conn. 273, 275 (1988) (upheld Appellate Court's conclusion that Connecticut Practice Book section 109A was directory rather than mandatory). Connecticut General Statutes section 13a-73 (b) provides that upon the taking of a person's land for state highway purposes, the commissioner of transportation shall assess damages and benefits resulting from such taking and shall file the assessment with the clerk of the Superior Court in the county in which the land is located. Hanson v. Commissioner of Transportation, 176 Conn. 391,396-97 (1979). Following such filing, the clerk is required to give notice of such assessment to each person having an interest of record in the property. Id. at 397. If the property owner affected chooses not to accept the initial assessment of the commissioner; see Connecticut General Statutes section 13a-74; the person may appeal to the Superior Court pursuant to Connecticut General Statutes section 13a-76. Id.
"The owner of land taken by condemnation is entitled to be paid just compensation." Conn. Const. art. I, section CT Page 447 11; Minicucci v. Commissioner of Transportation, 211 Conn. 382,384 (1989).
Connecticut General Statutes section 13a-76 states in relevant part that:
 Any person claiming to be aggrieved by the assessment of such special damages or such special benefits by the commissioner may, at any time within six months after the same has been so filed, apply to the superior court for the judicial district within which such land is situated or, if said court is not in session, to any judge thereof for a reassessment of such damages or such benefits so far as the same affect such applicant, and said court or such judge, after causing notice of the pendency of such application to be given to said commissioner, shall appoint a state trial referee to make such reassessment of such damages or such benefits.
The defendant Commissioner filed in the Superior Court of New London an assessment of damages on January 24, 1990. On June 6, 1990, the chief clerk of the Superior Court of New London issued an order of notice commanding any proper officer to give notice of the plaintiff's condemnation appeal to the defendant on or before June 29, 1990. According to the "Affidavit and Return of Service," the chief deputy sheriff of Hartford County received and served this process on the defendant Commissioner on August 6, 1990.
In Laurel, Inc. v. Commissioner of Transportation,173 Conn. 220 (1977), the court considered the issue of timeliness under Connecticut General Statutes section 13a-76. However, the case was premised on a unique set of facts. On January 23, 1974, the Commissioner in that case filed an assessment of damages and on September 30, 1975, the plaintiff appealed from the assessment of damages. The court found that the plaintiff's appeal was timely only because a prior judgment had been entered by the court on August 29, 1975, whereby the court ordered the reinstatement of the condemnation proceedings and specified that the parties upon remand could proceed under Connecticut General Statutes section 13a-76 with all the rights attendant thereto. Id. at 222. The facts in the case at bar are distinguishable as there has been no prior judgment of the court ordering reinstatement in this case. CT Page 448
"Appeals to courts from administrative agencies exist only under statutory authority. (Citations omitted). A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. (Citations omitted). Such provisions are mandatory, and, if not complied with, render the appeal subject to abatement. (Citations omitted)." Basilicato v. Department of Public Utility Control, 197 Conn. 320, 322 (1985). This principle has often been applied in instances where the plaintiff has failed to comply with provisions for service of an appeal and has been deemed to necessitate the appeal's dismissal for lack of subject matter jurisdiction. Andrew Ansaldi Company v. Planning Zoning Commission, 207 Conn. 67,73 (1988). But see LeConche v. Elligers, 215 Conn. 701, 713
(1990) (recent legislative action amending section 4-183 of the UAPA provides that certain infirmities do not deprive the court of jurisdiction).
In Karp v. Urban Redevelopment Commission, 162 Conn. 525
(1972), the court considered the issue of whether the plaintiff took a timely appeal pursuant to Connecticut General Statutes section 8-132, which is similar to Connecticut General Statutes section 13a-76, but is the procedure by which a person may appeal if aggrieved by the statement of compensation filed by the redevelopment agency, rather than by the commissioner of transportation. The court noted that although the word "may" was used in the statute in connection with the six-month time limitation, the court found that to effectuate the intent of the legislature and to limit the time period so that a municipality could determine its financial responsibilities within a reasonable period, the word "may" was mandatory rather than "directory." Id. at 530-31. "No other conclusion can be reached but that the six months provision for appeal is to be construed so that, if the appeal is not taken within six months, the right of appeal is no longer operative." Id. at 531. The court, however, found error with the erasure of the case from the docket as it was not clearly apparent from the face of the record on what date the defendant filed the statement of compensation. Id. at 528. Thus, for all that appeared in the record, the plaintiff's appeal may have been within the six-month period prescribed by Connecticut General Statutes section 8-132. Id.
The plaintiff in the case at bar has not brought the appeal within the six-month period prescribed by Connecticut General Statutes section 13a-76. In the plaintiff's appeal he alleges that the assessment of damages was filed by the Commissioner on January 24, 1990, and the chief deputy sheriff's affidavit and return of service states that he CT Page 449 received the process on August 6, 1990, and served the defendant Commissioner on August 6, 1990 at 11:45 a.m., which is beyond the time limit. Therefore, for that reason the court lacks jurisdiction to hear this appeal.
The plaintiff contends in his objection to the motion to dismiss that he did not receive notice of the declaration of taking until February 9, 1990, and because he resides in a different state and is appearing pro se, judicial leniency is required. If the appeal provisions of a statute are jurisdictional, the appeal is subject to dismissal if they are not complied with. Basilicato v. Department of Public Utility Control, 197 Conn. 320 at 324 (1985). "There are no special rules authorizing a lesser standard of compliance for pro se parties. Any litigant may choose to proceed without representation, but all are bound by the same standards. While a trial court can exhibit some degree of leniency towards a pro se plaintiff, the court cannot disregard established and mandatory requirements which circumscribe jurisdiction in the first instance." Id.
Connecticut General Statutes section 13a-76 limits the scope of the appeal to the reassessment of damages resulting from the taking. The plaintiff, however, also alleges that the defendant violated "Title III of the Uniform Relocation Assistance and Real Property Acquisitions Policies Act of 1970." This title is codified in42 U.S.C. § 4651-4655 and its purpose is to bring about uniform nationwide procedures for the taking of property by the federal government or by state agencies receiving federal financial assistance. Whitman v. State Highway Commission of Missouri,400 F. Sup. 1050 (D.C. Mo. 1975). This statute sets out a policy for real property acquisitions by federal agencies and has no effect on a defendant who is a commissioner of a state agency. South Farms Associates Limited Partnership v. J. William Burns, Commissioner of Transportation of the State of Connecticut, 1 Conn. L. Rptr. 322 (February 28, 1990, Freed, J.). Moreover, if the plaintiff seeks to assert a claim under the Connecticut Uniform Relocation Assistance Act he may, pursuant to Connecticut General Statutes section 8-278, appeal to the commissioner of transportation. There is no indication in this case that he has followed this administrative procedure. Generally, the court requires litigants to exhaust their administrative remedies before the court can obtain jurisdiction over the action. Greater Bridgeport Transit District v. CHRO, 211 Conn. 129, 131
(1989). The exhaustion doctrine implicates subject matter jurisdiction. Concerned Citizens of Sterling v. Sterling,204 Conn. 551, 556 (1987). Because the plaintiff has not exhausted the administrative remedy of appealing to the commissioner of CT Page 450 transportation, the court lacks subject matter jurisdiction.
For those two separate reasons the defendant's motion to dismiss is granted.
LEUBA, J.