This proceeding is an appeal from the assessment of damages incident to a condemnation of real property. It has come to the court on the wrong procedural track, as a result of directions given by the court clerk on instructions from the civil court manager of the judicial branch division of court operations. It was not entered on the court records as a separate civil action and the entry fee required by General Statutes § 52-259 was not paid. Rather, this appeal and application for review of the statement of compensation was filed, without payment of the statement of compensation was filed, without payment of the statutory entry fee, as a further pleading in the matter, having the above title and docket number, that previously had been created for purposes of depositing with the clerk of the Superior Court, the assessed damages in the amount of $54,5000. See Bristol v. Milano, 45 Conn. Sup. 605,732 A.2d 835 (1998).
On June 19, 1998, the commissioner of transportation, acting pursuant to General Statutes §§ 13a-73 (b) and (e) and 13a-98e, filed a notice of condemnation and assessment of damages for the condemnation of certain premises owned by Connemara Court, L.L.C. Those premises consisted of approximately 2.927 acres on Nod Road, in the town of Avon, together with full and perpetual drainage right of way easements over the owner's remaining land, found to be necessary for the layout, alteration, extension, widening, change of grade, drainage and improvement of the highway known as Nod Road. When this notice of condemnation and the accompanying deposit of $54,5000, the amount of the *Page 625 
assessed damages, had been filed with the clerk of the Superior Court, the clerk's office gave the deposit file the above docket number and title in accordance with the requirements of § 13a-73 (b). In further compliance with § 13a-73 (b), notice of the assessment was given by mail to all persons having an interest of record in that land.
On November 5, 1998, counsel for the owner of the aforementioned property filed an appearance in the docket file created by the clerk for the deposit. On December 10, 1998, the owner subsequently filed an appeal from the assessment of damages and benefits under General Statutes §13a-76. The court clerk accepted the filing of the appeal without the entry fee of $185 required by § 52-259. Instead of opening a separate docket file and title for this appeal, the procedure formerly required for such appeals under § 13a-76, the clerk's office, upon the direction of its administrative authorities, processed the appeal for a reassessment of damages as a further pleading in the docket file initially established for the temporary holding of the deposit by the clerk until payment to the rightful beneficiary upon later order of the court in accordance with eminent domain law.
Attached to the pleading was the required order of notice form to be completed by the court for service on behalf of and at the direction of the owner by a proper officer. The notice, as prepared for the owner and issued by the court, required that notice be given to the commissioner of transportation by service of the application for reassessment and of the order of notice in the prescribed manner for service of civil process, with a return of service, on or before December 31, 1998. This return of service of the appeal upon the commissioner of transportation was never returned or filed in court. *Page 626 
On December 14, 1998, the owner's attorney filed a motion for payment of the deposit held by the clerk. This was denied on January 19, 1999, for want of a certificate of title pertaining to the aforementioned property. A second motion for payment of the deposit with the required certificate of title attached was filed on February 24, 1999. After a hearing, the motion was granted on July 12, 1999, and the deposit was ordered paid to Connemara Court, L.L.C.
On February 4, 2000, on motion of the owner, the court appointedWilliam C. Bieluch, judge trial referee, to hear the appeal for reassessment of damages under the provisions of § 13a-76. Subsequently, on March 20, 2000, the commissioner of transporation [transportation] filed a motion requesting the "Court to dismiss the above captioned case" for the reasons that he was never served in this matter and that the statutory six month statute of limitations had expired. The parties were heard on this motion and briefs were filed.
Because of the transposition of their respective names in the present action, the parties have erroneously designated the commissioner of transportation as the plaintiff and Connemara Court, L.L.C., as the defendant. See Bristol v. Milano, supra, 45 Conn. Sup. 605, 607-13. To avoid further confusion, the court will not recognize the parties' reversal of their positions. Instead, Connemara Court, L.L.C., the named condemnee, will be subsequently designated as "the owner," and the condemnor, the commissioner of transportation, will be subsequently designated as "the commissioner."
The basis of the commissioner's claim for dismissal of the action here is that there is no appeal from the assessment of damages pending in this court. The statutory notice under § 13a-76 issued by the court on December 10, 1998, by its terms required service of *Page 627 
both the application for reassessment and the order of notice upon the commissioner, with return of the service of notice to be made to the court on or before December 31, 1998. The return of that service was never filed in court. The commissioner maintains, therefore, that the appeal was not brought within the prescribed statutory six month period after the June 15, 1998 filing of the assessment by the commissioner, and the court is without jurisdiction to hear the owner's appeal from that assessment.
The commissioner's legal argument is brief in form and thin with respect to authorities. Karp v. Urban Redevelopment Commission,162 Conn. 525, 531, 294 A.2d 633 (1972), is cited to establish that the reason for a short time limitation allowed by law for an appeal from an assessment of damages was to permit the condemning authority to determine its financial responsibilities expeditiously. He relies principally onCelano v. Burns, Superior Court, judicial district of New London, Docket No. 515543 (January 23, 1991), aff'd, 26 Conn. App. 912, 598 A.2d 369
(1991), a condemnation action in which the court dismissed the appeal from an assessment of damages on the defendant's claim that the court lacked personal jurisdiction because service was made on commissioner Burns after the expiration of the order of notice and the six month limitation period.
The defendant in Celano filed an assessment of damages on January 24, 1990. On June 6, 1990, the clerk of the court issued an order of notice commanding any proper officer to give notice of the plaintiff's appeal from the assessment to the defendant on or before June 29, 1990. According to the return of service filed in court, the sheriff received and served the process on August 6, 1990, thirty-eight days late. Relying on that authority, the commissioner here concludes: "Certainly if a reassessment appeal should be dismissed because the Commissioner was not served within six months, *Page 628 
then it must be dismissed if the Commissioner was never served at all."
The owner concedes that the commissioner was not served with notice of the appeal and that the return of service ordered by the court was never filed. Citing Laurel, Inc. v. Commissioner of Transportation,173 Conn. 220, 377 A.2d 296 (1977), the owner asserts that the statutory time limitation should not be viewed as jurisdictionally related. That authority, however, is inapposite. As the Celano court observed, Laurel,Inc. was premised on a unique set of facts.
The owner also cites Bristol v. Milano, supra, 45 Conn. Sup. 605, as instructive. Referring to that case, the owner states: "In Bristol, as was the case here, the Clerk's Office mistakenly filed Connemara Court's appeal in the existing condemnation file instead of docketing it as an entirely new matter as would be appropriate. The result of such error is that the `defendant's' appeal is treated as a motion in the deposit file. [Id., 607.] The parties are then reversed in their designation as plaintiff and defendant." Reference is also made to Killingly v. Wells,18 Conn. App. 508, 558 A.2d 1039 (1989), as being similar to the situation at hand. The owner did not file a separate action, but "certainly" its appeal puts all parties on notice of its intention to appeal.
Concluding that the court clerk failed to abide by the statutory mandates of § 13a-76, citing Bristol v. Milano, supra, 45 Conn. Sup. 612, the owner claims that "the deficiencies of the Clerk's office should not be construed against the Defendant, Connemara Court, LLC." The owner's final argument is that since the appeal was timely filed on December 10, 1998, within the time limitation, the failure of the proper officer to make service on the commissioner does not constitute a jurisdictional defect. *Page 629 
In rebuttal to the owner's claims, the commissioner states that they miss the fundamental point of the outstanding issue: (1) the failure to comply with the court's order of notice is not a mistake or deficiency in the clerk's office; (2) if, in fact, the owner would have rights under General Statutes § 52-592, the accidental failure of suit statute, after the appeal is dismissed, those rights should be addressed at that time. They are irrelevant to the issue of dismissal that is now under consideration.
The legal reasoning and authorities advanced by the commissioner in his direct and rebuttal arguments and memoranda are supportive of his motion to dismiss the appeal filed by the owner for a reassessment of damages and benefits awarded by the state in the present condemnation proceeding. The issue of jurisdiction will be considered by the court whenever it is raised. Karp v. Urban Redevelopment Commission, supra,162 Conn. 528; Carten v. Carten, 153 Conn. 603, 610, 219 A.2d 711
(1966). Once the question of jurisdiction is raised by a party, the issue must be disposed of by the court, no matter in what form it is presented. Castro v. Viera, 207 Conn. 420, 429, 541 A.2d 1216 (1988).
Karp v. Urban Redevelopment Commission, supra, 162 Conn. 525, concerned an appeal for reassessment filed beyond the six month time limitation in General Statutes § 8-132, the law governing appeals from the statement of compensation in acquisition of real property in redevelopment areas of the state. That statute, enacted in 1955, was patterned after the provisions of § 13a-76, prescribing the mode of appealing from the assessment of damages in proceedings for the condemnation of real estate for state highway purposes now before the court. In Karp, decided under rules of practice that are no longer in effect, the Supreme Court held that the motion to erase was erroneously granted by the trial court, stating: "The motion to erase could not take the place of a timely plea in abatement alleging *Page 630 
the facts on which the claim of lack of jurisdiction was predicated."Karp v. Urban Redevelopment Commission, supra, 532.
The reasoning expressed in Karp on the issue of jurisdiction of an appeal under § 8-132 from an eminent domain assessment by a redevelopment agency applies to the appeal under § 13a-76 from an assessment for a state highway condemnation now before the court. "Where statutes provide an efficacious procedure for assuring just compensation, that procedure will be followed." Karp v. UrbanRedevelopment Commission, supra, 162 Conn. 529. The statute provides an efficient procedure for vindicating the common-law right to just compensation for a taking of property by eminent domain. The statute alters the process by which a property owner must seek just compensation, but does not create a right to just compensation that would not otherwise be available. The limitation is on the remedy alone. Compliance with the time requirement is only a limitation analogous to the usual statute of limitation. "This limitation is to be regarded as creating a condition subsequent, by which an existing right is cut off by the nonperformance of the condition, rather than a condition precedent to a continuing right. Bulkley v. Norwich W. Ry. Co., 81 Conn. 284, 287,70 A. 1021." (Internal quotation marks omitted.) Karp v. UrbanRedevelopment Commission, supra, 530.
The statutory condition subsequent for an appeal to be taken in a condemnation proceeding under § 13a-76 is tripartite. First, the property owner must, within six months of the filing (June 15, 1998 here) of the assessment of damages by the commissioner with the clerk of court under section 13a-76, the property owner must "apply to the superior court" for a reassessment of such damages. This is the statute of limitation referenced by the commissioner in his motion to dismiss. The record discloses that the owner met this condition by "applying *Page 631 
for a reassessment of damages" in its filing of December 10, 1998.
Second, the court must cause "notice of the pendency of such application to be given to said commissioner . . . ." General Statutes § 13a-76. This was done by the court here on December 10, 1998, in its order of notice given to the owner for service upon the commissioner in accordance with General Statutes § 52-52 (a). This was addressed as follows: "To Any Proper Officer: . . . it is hereby ordered that you give notice thereof to the Commissioner of Transportation of the State of Connecticut by serving a true and attested copy of the application and of this order on the Commissioner in the [manner] prescribed for the service of civil process and make due return to this court on or before Dec. 31, 1998."
Third, after the order of notice issued by the court on December 10, 1998, was served by a proper officer within the three weeks designated and extending sixteen days beyond the statute of limitation referenced by the commissioner, a return of such service or proof of compliance with the order of notice was to have been filed with the clerk in accordance with § 52-52 (c). Under § 52-52 (c) the clerk "shall note such fact upon the docket, and such proof and order shall be preserved as part of the case file."
The second and third parts of the limitation or condition subsequent for an appeal by the owner for the reassessment of damages under §13a-76 were not met or complied with. The owner acknowledges in argument and in its brief that the sheriff failed to serve the duly filed appeal on the commissioner as ordered by the court on December 10, 1998. Consequently, there could be no statutory return of service upon the commissioner filed by the officer. For these reasons, this court lacks jurisdiction to hear the present appeal. *Page 632 
Similar jurisdictional issues have been raised in other statutory appeals and court proceedings. The ruling in this appeal under § 13a-76
is akin to other holdings of this court under General Statutes § 4-183
(b) of the Uniform Administrative Procedure Act. In Hillcroft Partnersv. Commission on Human Rights Opportunities, 205 Conn. 324, 533 A.2d 852
(1987), our Supreme Court ruled: "Because it is conceded that [the complainant] was never served, the dispositive issue is whether she was a party of record upon whom service of the petition appealing from the CHRO decision was required by § 4-183 (b). If the complainant was such a party, the failure to follow the statutory mandate to serve her was a jurisdictional defect warranting dismissal of the appeal. We have held that `[a] statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.'Royce v. Freedom of Information Commission, 177 Conn. 584, 587,418 A.2d 939 (1979). `The appeal provisions of the statute are jurisdictional in nature, and, if not complied with, render the appeal petition subject to dismissal.' Basilicato v. Department of Public UtilityControl, 197 Conn. 320, 324, 497 A.2d 48 (1985); Minichino v. Freedom ofInformation Commission, 6 Conn. App. 148, 149, 503 A.2d 1189 (1986);Newtown v. Department of Public Utility Control, 3 Conn. App. 416, 419,488 A.2d 1286 (1985)." Hillcroft Partners v. Commission on Human Rights Opportunities, supra, 326. Finding that the complainant was a party of record whom the plaintiffs were obliged to serve in bringing their appeal, the court stated that: "We agree with the trial court that the failure to serve her necessitated dismissal of the appeal for lack of jurisdiction." Id., 331.
A comprehensive review of the principles of law determinative of the jurisdictional issue now before the court and in similar jurisdictional contexts is found *Page 633 
in General Motors Acceptance Corp. v. Pumphrey, 13 Conn. App. 223,535 A.2d 396 (1988). There, the plaintiff brought suit on a retail installment contract when payments by the defendants ceased after a collision involving the financed vehicle. The defendants' motion to implead the collision insurance carrier, Aetna Casualty Surety Company (Aetna), was granted by the trial court. The trial record indicated that Aetna was served with a copy of the third party complaint, the order granting the motion to implead and a copy of the original writ of attachment and complaint against the third party plaintiffs. The order granting the motion to implead contained a return date, but Aetna was never served with a third party writ of summons.
The plaintiff's motion for default against Aetna for failure to appear was entered by the trial court on October 15, 1984. The required notice that it had been granted was not sent to Aetna. Judgment was rendered by the trial court on December 10, 1985. Again, Aetna did not receive the required notice of judgment. On April 24, 1986, the third party plaintiffs applied for a bank execution against Aetna. The court's subsequent granting of that execution resulted in satisfaction of the judgment. Aetna filed an appearance and a motion to open the judgment on June 23, 1986, alleging that the judgment of the court was void for lack of in personam jurisdiction because Aetna was never served with a third party writ of summons. The trial court denied the motion to open judgment for lack of reasonable cause for Aetna's failure to file the motion within four months following judgment as required by General Statutes § 52-212 (a) and Practice Book § 326, now § 13-19. On appeal, the Appellate Court found error and set aside the judgment against Aetna with a remand for further proceedings in accordance with its opinion. General Motors Acceptance Corp. v. Pumphrey, supra, 230. *Page 634 
"Service of process on a party in accordance with the statutory requirements is a prerequisite to a court's exercise of in personam jurisdiction over that party. . . . Until notice is given to the defendant of the action or proceedings against him and he is thereby given opportunity to appear and be heard, the court has no jurisdiction to proceed to judgment against him, even though it may have jurisdiction of the subject matter. One who is not served with process does not have the status of a party to the proceeding. . . . A court has no jurisdiction over persons who have not been made parties to the action before it and is powerless to render a judgment if it lacks jurisdiction of the parties, or of the subject matter. A judgment rendered without jurisdiction may be opened at any time under the court's inherent authority." (Citations omitted; internal quotation marks omitted.) Id., 227-29.
The commissioner's motion to dismiss the appeal is granted.