[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This proceeding is an appeal from the assessment of damages incident to a condemnation. As with some recent decisions; see, e.g., Commissioner ofTransportation v. Connemara Court, L.L.C., 46 Conn. Sup. 623, 763 A.2d 696
(2000); Bristol v. Milano, 45 Conn. Sup. 605, 732 A.2d 835 (2000); the present case has also come to the court on the wrong procedural track, as a result of directions given by the court clerk on instructions from the civil court manager of the judicial branch division of court operations. It was not entered on the court records as a separate civil action and the entry fee required by General Statutes § 52-259 was not paid. Rather, this appeal and application for review of the statement of compensation was filed, without payment of the statutory entry fee, as a further pleading in the matter, having the above title and docket number, that previously had been created for purposes of depositing with the clerk of the Superior Court, the assessed damages in the amount of $1,900. See Commissioner of Transportation v. Connemara Court, L.L.C., supra, 623; Bristol v. Milano, supra, 605.
Angelo Ciammella, Trustee, property owner, has appealed from the assessment of damages paid by the Commissioner of Transportation (COT) for the partial taking by eminent domain on February 5, 1999, pursuant to Section 13a-73 (b) of the General Statutes, of the premises hereinafter described found to be necessary for the layout, alteration, extension, widening, change of grade, and improvement of the highway commonly known as Farmington Avenue, Conn. Route 372. Said premises are situated in the Town of Berlin, on the southerly side of Farmington Avenue, Conn. Route 372, containing 637 square feet, more or less, bounded and described as follows, and shown on the map hereinafter referred to:
 NORTHEASTERLY — by Farmington Avenue, Conn. Route 372, 105 feet, more or less;
 SOUTHEASTERLY — by Owner's remaining land, 6 feet, more or less, by a line designated "TAKING LINE", as more CT Page 11473 particularly shown on said map;
 SOUTHWESTERLY — by Owner's remaining land, 105 feet, more or less, by a line designated "TAKING LINE, as more particularly shown on said map; and
 NORTHWESTERLY — by land now or formerly of National Railroad Passenger Corporation, 6 feet, more or less.
Said premises are taken together with a fill and perpetual easement to slope for the safety of the highway and remove, use or retain excavated material within an area of 413 square feet, more or less, located between and opposite approximate Stations 3+007 and 3+031, right, Base Line, present Farmington Avenue, Conn. Route 372, as more particularly shown on said map.
Said premises are more particularly delineated on a map entitled: TOWN OF BERLIN MAP SHOWING LAND ACQUIRED FROM ANGELO CIAMMELLA TRUSTEE BY THE STATE OF CONNECTICUT DEPARTMENT OF TRANSPORTATION RAILROAD BRIDGE OVER CONN. 372 SCALE: 1:250 MARCH 1998 JAMES F. BYRNES, JR. — TRANSPORTATION CHIEF ENGINEER BUREAU OF ENGINEERING AND HIGHWAY OPERATIONS". Last Revised 12/23/98, Sheet 1 of 1, (7-168-3).
The above-described premises are taken subject to such rights and easements as appear of record.
The Town of Berlin is in the central section of the state. It is basically residential in character with extensive commercial developments on the three main arteries running through the town: (1) Route 15, or Berlin Turnpike; (2) Route 372, a circumferential highway, or Farmington Avenue, the location of the subject premises; and (3) Route 71, or Chamberlain Highway. The subject is located in the central commercial section of town, known as Kensington, on the south side of Farmington Avenue, the main artery for traffic running east and west through the town, and a short distance easterly of its intersection with New Britain Avenue, Route 71, leading to New Britain. Nearby are the railroad depot, restaurants, a furniture store, ice cream shop, drug stores and other retail outlets. The general area is serviced by all utilities. The subject property is zoned CCD-2 (Commercial Core Design District) and GC (General Commercial), permitting development of assorted shopping areas, personal service business, banks, professional offices and restaurants, and various small scale commercial uses that benefit from and are appropriate for a highway location, and compatible with nearby residential properties. It contains 400 feet of frontage along the south side of CT Page 11474 Farmington Avenue and is located across the street from the railroad depot parking lot. The taking consisted of the westerly 105 feet of this frontage to a depth of 6 feet, and an adjoining 70 feet, more or less, full and perpetual slope easement.
The appraisers for the property owner and the COT agreed that the highest and best use of the subject property is for commercial development in conformity to the present zoning requirements. The court accepts this conclusion. They also agreed that the cost approach and income capitalization approach were not appropriate for estimating the market value of the subject property, and relied, instead, on the sales comparison method.
The owner's appraiser analyzed three comparable sales, all being of business properties located in Berlin: (1) 1049-1051-1057 Farmington Avenue (Route 372), a few hundred yards east of the subject, zoned CCD, containing 1.14 acres, sold on June 12, 1998, for $1,140,000, present use — CVS Drug Store; property just east of the subject was developed as a Brooks Drug Store; (2) 109 Wilbur Cross Highway (Route 15), zoned GCI, containing 3.37 acres, sold on January 16, 1996, for $800,000, present use — Citgo service station and convenience store; and (3) 223 New Britain Road (Route 71), zoned GI, containing 0.5 acre, sold on August 1, 1996, for $150,000, present use — Dunkin Donuts retail bakery and coffee shop. With adjustments for the usual appropriate appraisal factors, he analyzed these comparable commercial sales prices to range from $6.00 to $18.37 per square foot, indicating a value of $10.00 per square foot for the subject. With this rate, he estimated the total area of the subject property of 3.46 acres, or 150,717 square feet, to have a fair market value before the partial taking of $1,507,000, rounded.
In his after taking value computation, he used the same unit value for the reduced area of 150,080 square feet, after the loss of fee to 637 square feet, for an estimated value of $1,500,800. In addition, he valued the perpetual easement to slope within an area of 413 square feet at $5.00 per square feet, reducing the after taking value by $2,065 to a net market value of $1,498,735. From these valuations, he found the damages caused by the partial taking to be $8,265.
The state's appraiser utilized three other comparable sales, all being also in Berlin: (1) vacant land known as Lot 10 T, White Oak Drive, a remote industrial park, zoned Industrial, containing 102,366 square feet, sold on June 3, 1998, for $130,000; (2) vacant land known as Lot 23, Farmington Avenue, zoned Commercial, containing 24,829 square feet, sold on June 5, 1997, a distress sale after title was obtained by foreclosure, for $80,000; and (3) vacant land known as Lot 5, New Britain CT Page 11475 Road, zoned Residential, containing 7,841 square feet, sold to an adjoining owner for additional residential use on March 31, 1998, for $30,000. With adjustments for appraisal factors, he analyzed these sales to range from $3.22 to $3.33 per square foot, or values of $482,507 to $498,991, indicating that the market value by the sales comparison approach of the subject property before the taking was $487,000.
In the after taking value computation, the state's appraiser utilized the same three comparable sales. After adjustments of appraisal factors, he calculated the value of his comparable sales to range from $480,456 to $498,869, indicating that the value of the subject property after the taking was $484,900, resulting in damages of $2,100. After viewing these properties selected by the state's appraiser, the court finds their comparability to the subject property to be insignificant.
"When only a part of a tract is taken for the public use, `just compensation' includes recovery for the part taken and recovery for any damages visited upon the remainder which result from the taking. Bowenv. Ives, 171 Conn. 231, 238, 368 A.2d 82; Meriden v. HighwayCommissioner, 169 Conn. 655, 659, 363 A.2d 1094. "The ordinary rule for measuring damages where a portion of a tract of land is taken is to determine the difference between the market value of the whole tract as it lay before the taking and the market value of what remained of it thereafter, taking into consideration the changes contemplated in the improvement and those which are so possible of occurrence in the future that they may reasonably be held to affect market value. Lefebrve v.Cox, 129 Conn. 262, 265, 28 A.2d 5 [1942]. The court should consider any and all damages which will foreseeably follow from the proper consideration of the project, including any damage to the remainder which is a necessary, natural and proximate result of the taking. Budney v.Ives, 156 Conn. 83, 88, 239 A.2d 842. D'Addario v. Commissioner ofTransportation, 172 Conn. 182, 184-85, 374 A.2d 163 (1976); Darling v.Waterford, 7 Conn. App. 485, 486 (1986).
Under our law, a judge trial referee sitting as a court on appeals in condemnation cases is more than just a trier of fact or an arbitrator of differing opinions of witnesses. He is charged by the General Statutes and the decisions of our courts with the duty of making an independent determination of value and fair compensation in the light of all the circumstances, the evidence, his general knowledge and his viewing of the premises. Minicucci v. Commissioner of Transportation, 211 Conn. 382, 388
(1989); Birnbaum v. Ives, 163 Conn. 12, 21-22 (1972); Feigenbaum v.Waterbury, 20 Conn. App. 148, 153 (1989). It is his task to reach a result that gives the plaintiffs, as nearly as possible, a fair equivalent in money as just compensation for the property taken. Mathisv. Redevelopment Agency, 165 Conn. 622, 623 (1973); Feigenbaum v.CT Page 11476Waterbury, supra, 153-54.
The elements of the owner's damage due to the taking of February 5, 1999, are: (1) loss of fee to 637 square feet fronting on Farmington Avenue, Route 372, a heavily traveled primary highway for through and local traffic east and west in Berlin, including the westerly frontage of 105 feet of the subject property to a depth of 6 feet; (2) a full and perpetual easement to slope for the safety of the highway and remove, use or retain excavated material within an area of 413 square feet extending easterly from the westerly property line about 70 feet along the taking line, both fee and permanent easement being taken from an attractive developable site in the central commercial district of Berlin, near 3 major highways and supporting residential area of Kensington; and (3) front yard parking is an important adjunct to commercial activity, and the combined loss of 1,050 square feet previously available for front street parking in any fixture commercial use of subject property will impact on such parking and the value of the real estate.
After viewing the site of the subject property, and all comparable properties, and after giving due consideration to the opinions of expert witnesses and to a knowledge of the elements that establish value, I find that the before taking value of the subject property was $1,507,000, and that the after taking value of the subject property is $1,498,735. Damages, therefore, are assessed at $8,265.
Judgment may enter for the appellant in the amount of $8,265, less $1,900 previously paid, or an excess of $6,365, with interest on such excess at 8% per annum from the date of taking on February 5, 1999, to the date of payment, together with costs and a reasonable appraisal fee of $950.
William C. Bieluch Judge Trial Referee